**HARRIS, Appellant,**

v.

**W. C. WINDSOR, Appellee.**

No. 6812.

Court of Civil Appeals of Texas.

Texarkana.

May 12, 1955.

Rehearing Denied June 9, 1955.

Mahlon L. Walters, Jefferson, Woodrow H. Edwards, Mt. Vernon, for appellant.

Will Mann Richardson, Tyler, for appellee.

DAVIS, Justice.

Appellee, Windsor, plaintiff below, sued appellant, Harris, defendant below, in trespass to try title to an undivided ⅜ mineral interest in and to a 239¼-acre tract of land in the R. E. Allen H. R. Survey in Marion County, Texas; and, in the alternative, for reformation of a warranty deed executed by Windsor to Harris dated March 15, 1944. Windsor, in due course and time, filed a motion for summary judgment which was granted by the trial court.

The deed was a standard form, and immediately following the description of the land the following special provision is contained therein:

"And being the same land described in a warranty deed from The Federal Land Bank of Houston to W. C. Windsor, recorded in Vol. X–2, page 119, Deed Records of Marion County, Texas, reference to which is made for all purposes."

Immediately following the above special provision the following special provision is contained therein:

"There is, however, *expressly excepted* from this conveyance and *reserved* by the said W. C. Windsor, an undivided three-eighths (⅜) in and to all of the oil, gas and other minerals in and under and that may be produced from the above described premises, together with the right of ingress and egress for the purpose of mining, marketing and transporting the same."

The Federal Land Bank deed referred to in the foregoing deed from Windsor to

Harris contained the following special provisions:

"The terms of General Warranty herein contained are subject to all restrictions and reservations contained in that certain deed executed by G. W. Liverman in favor of L. M. Tems, dated November 12, 1923, and recorded in 'V-1', page 188, of the Deed Records of Marion County, Texas, to which said deed and the record thereof reference is hereby made for all legal purposes. * * * (Liverman reserved one-half (½) the minerals in the Tems deed.)

"The Federal Land Bank of Houston does bind itself, its successors and assigns to Warrant and Forever Defend all and singular the said premises unto the said W. C. Windsor, his heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof, in so far as the surface and one-half (½) interest in the oil, gas and other minerals in, to, on and under and that may be produced from the above described land are conserned, and no further."

The deposition of Harris was taken and in that part of same offered in evidence on the hearing on the motion for summary judgment, he admitted: (1) He knew at the time he bought the land that he was getting only a ⅛ mineral interest; (2) that ½ of the minerals had previously been reserved by Liverman; (3) Windsor owned only ½ of the minerals at the time, and Harris purchased the land and ⅛ of the minerals; (4) Harris' attorney, who examined the abstract for Harris, advised him at the time of purchase that he was getting only ⅛ of the minerals; (5) the land was leased by Harris on March 26, 1944, and he received only ⅛ of the bonus for the lease and ⅛ of the renewal rentals which were paid through March 26, 1949; and (6) he had never, prior to about two months before suit was filed, claimed more than ⅛ of the minerals in the land.

Appellant brings forward one point of error, complaining of the action of the trial court in granting appellee's motion for summary judgment and in holding that the deed from Windsor to Harris conveyed only the surface estate and ⅛ of the minerals of the land in question.

The trial court did not file findings of fact or conclusions of law. But it can readily be seen from the record that appellant's position is untenable both as a matter of fact and of law. No question of innocent purchaser is, or could be involved. Such can easily be ascertained from the special provision in the deed from Windsor to Harris and the special provisions in The Federal Land Bank deed to Windsor, which was referred to in the Windsor-to-Harris deed "for all purposes."

In the case of Loomis v. Cobb, Tex. Civ.App., 159 S.W. 305, 307, writ refused, the court said:

"It is a familiar and thoroughly well-settled principle of realty law that a purchaser has constructive notice of every matter connected with or affecting his estate which appears by *recital, reference, or otherwise* upon the face of any deed which forms an essential link in the chain of instruments through which he deraigns his title. The rationale of the rule is that any description, recital of fact, or *reference to other documents* puts the purchaser upon inquiry, and he is bound to follow up this inquiry, step by step, from one discovery to another and from one instrument to another, until the whole series of title deeds is exhausted and a complete knowledge of all the matters referred to and affecting the estate is obtained. Being thus put upon inquiry, the purchaser is presumed to have prosecuted it until its final result and with ultimate success." (Emphasis ours.)

It is also a well-settled rule of law that in the construction of written instruments that all instruments in a chain of title, when referred to in a deed will be read into it. Scheller v. Groesbeck, Com.App., 231 S.W. 1092; Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W.2d 553, 572, rewritten 139 Tex. 183, 164 S.W.2d 448,

but rule unchanged. In the case of Gulf v. Continental, supra, as well as in the cases of Connor v. Brown, Tex.Civ.App., 226 S.W.2d 229, writ ref., n. r. e., and Remuda Oil Co. v. Wilson, Tex.Civ.App., 264 S.W. 2d 192, writ dis., it was held that reference in a deed to a prior deed "for all purposes" constitutes such deed a part of the conveyance. 8 R.C.L. 1079.

Thus construing the Windsor-to-Harris deed, there was no fact issue to be decided by the trial court and the motion for summary judgment was properly granted.

Finding no error in the record, appellant's point is overruled, and the judgment of the trial court is affirmed.