## A. G. HARRIS v. W. C. WINDSOR

No. A-5405. Decided October 24, 1956.
Rehearing Overruled November 28, 1956.
(294 S.W. 2d Series 798)

*Mahlon L. Walters,* of Jefferson, *Woodrow H. Edwards,* of Mt. Vernon, *Fulton, Hancock & McClain* and *Edwin M. Fulton,* all of Gilmer for petitioner.

The Court of Civil Appeals erred in affirming the action of the trial court awarding respondent a summary judgment for an undivided 3/8ths interest in the oil, gas, etc., in the land involved in the litigation. Also in holding that the deed from Windsor to Harris conveyed only the surface estate and an undivided 1/8th interest in the oil and other minerals. Keyes v. Mason, 44 Texas 140; Tapp v. Corey, 64 Texas 594; Duhig v. Peavy-Moore Lumber Co., 135 Texas 503, 144 S.W. 2d 878.

*Will Mann Richardson,* of Tyler, for respondent.

In reply cited: Edwards v. Strong, 147 Texas 155, 213 S.W. 2d 979; Elliff v. Texon Drilling Co., 146 Texas 575, 210 S.W. 2d 558; East Texas Motor Freight Lines v. Loftis, 148 Texas 242, 223 S.W. 2d 613.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

The trial court rendered a summary judgment in favor of respondent, W. C. Windsor, in his suit against petitioner, A. G. Harris, in trespass to try title to an undivided 3/8th of the minerals in and under a tract of land in Marion County, which judgment was affirmed by the Court of Civil Appeals. 279 S.W. 2d 648. There was an alternative plea for the reformation of a deed from respondent to petitioner, but under our view of the case the question of reformation is not reached.

■ The application for writ of error contains but two points. The first point complains of the summary judgment upon the ground that issues of fact were raised, in that (a) respondent failed to establish that the tract of land involved was the identical land described in a deed from G. W. Liverman to L. M. Tems, hereinafter referred to, and (b) respondent failed to show a connected title from the sovereignty of the soil to himself or to establish title from a common source. The point was not raised in the trial court, in petitioner's brief as appellant in the Court of Civil Appeals, or in his motion for rehearing in that court. It is presented for the first time in this court, and cannot, therefore, be considered. Rule 469, Texas Rules Civil Procedure, Sec. (c) ; Edwards v. Strong, 147 Texas 155, 213 S.W. 2d 979; East Texas Motor Freight Lines v. Loftis, 148 Texas 242, 223 S.W. 2d 613.

Point No. 2 presents the decisive question in the case. It calls for the construction of a deed from respondent, Windsor, to petitioner, Harris, dated March 15, 1944, conveying the tract of land involved in this litigation. Following the description by metes and bounds, the deed contained this recital:

"And being the same land described in Warranty deed from The Federal Land Bank of Houston to W. C. Windsor, recorded in Vol. X-2, Page 119, Deed Records of Marion County, Texas, reference to which is made for all purposes."

Following that reference, the deed contained this provision:

"There is, however, EXPRESSLY EXCEPTED from this conveyance and RESERVED by the said W. C. Windsor, an undivided Three-Eighths (3/8ths) interest in and to all of the oil, gas and other minerals in and under and that may be produced from the above described premises, together with the right of ingress and egress for the purpose of mining, marketing and transporting the same."

The deed from The Federal Land Bank of Houston to W. C. Windsor, referred to above, contained these provisions:

"The terms of General Warranty herein contained are subject to all restrictions and reservations contained in that certain deed executed by G. W. Liverman in favor of L. M. Tems, dated November 12, 1923, and recorded in Volume 'V-1', page 188 of the Deed Records of Marion County, Texas, to which said deed and the record thereof reference is hereby made for all legal purposes."

\* \* \* \*

"THE FEDERAL LAND BANK OF HOUSTON does bind itself, its successors and assigns to WARRANT and FOREVER DEFEND all and singular the said premises unto the said W. C. Windsor, his heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof, in so far as the surface and one-half (½) interest in the oil, gas and other minerals in, to, on and under and that may be produced from the above described land are conserned, and no further."

In the deed from Liverman to Tems, referred to above, Liverman reserved one-half the minerals in and under this tract of land. It is thus disclosed that when respondent, Windsor, executed the deed to petitioner, Harris, he owned but one-half the minerals in and under the land. That he meant to reserve to himself three-eighths of the minerals and convey to Harris the surface and one-eighth of the minerals is made certain by the testimony of Harris himself, outlined in the opinion of the Court of Civil Appeals. If the deed is of doubtful meaning, the evidence clearly made a prima facie case for its reformation. However, both courts below have held that the deed is not ambiguous, and that when properly construed its effect was to reserve to Windsor three-eighths of the minerals and convey to Harris the surface and one-eighth of the minerals. We have concluded that the deed has been correctly construed below.

■ Under the construction placed upon the deed by petitioner, respondent reserved nothing to himself, but conveyed to petitioner all of his one-half of the minerals and also an additional one-eighth which he did not own, thereby subjecting himself to an action for damages for breach of warranty, which action has been filed against him by petitioner. It is apparent that such construction would not serve the ends of justice, and should

be adopted only if demanded by rules established by prior decisions of this court. We have long since relaxed the strictness of the ancient rules for the construction of deeds, and have established the rule for the construction of deeds as for the construction of all contracts,—that the intention of the parties, when it can be ascertained from a consideration of all parts of the instrument, will be given effect when possible. That intention, when ascertained, prevails over arbitrary rules. Benskin v. Barksdale, Comm. App., 246 S.W. 360; Sun Oil Co. v. Burns, 125 Texas 549, 84 S.W. 2d 442.

■ The construction of the Windsor-Harris deed is dependent upon the effect to be given to the clause "reference to which is made for all purposes," and to the clause in the Federal Land Bank deed "reference is hereby made for all legal purposes." It is the position of petitioner that the Windsor-Harris deed should be construed as if it read "for all purposes of description." It is obvious that the reference in the Federal Land Bank deed to the Liverman-Tems deed, "for all legal purposes," was not for the purpose of description, but for the purpose of disclosing that the deed was subject to all restrictions and reservations in that deed. As before stated, that deed reserved one-half the minerals to Liverman.

We are referred to no decision by this court which limits the expression "for all purposes" to the purpose only of description. The construction of this phrase was squarely presented to the Court of Civil Appeals at Galveston in Remuda Oil Co. v. Wilson, 264 S.W. 2d 192, 196, wr. er., ref. no rev. er., where it was given the following construction:

"In the present case, the reference is to the Johnson deed 'for all purposes.' By virtue of such reference, appellants were required to look to the Johnson deed to determine the extent of their purchase."

That opinion makes this pertinent observation:

"* * * It would be difficult to believe that the grantor in the Hill deed intended to convey an estate greater than it owned, after referring in that deed for all purposes to an instrument which disclosed the limits of its ownership. And equally difficult would it be to believe that appellants, required as they were to look to the reference deed to determine the extent of their purchase, could have though that they were purchasing an estate greater than such reference deed disclosed that their

grantor owned. To hold that such was the intention of the parties would result in a construction which plainly leads to injustice, and would produce unusual results."

We have inspected the record in that case and find that the argument advanced by petitioner therein was in all material respects the same as that presented by petitioner in this case. Much reliance was placed by petitioner in that case upon Duhig v. Peavy-Moore Lumber Co., 135 Texas 503, 144 S.W. 2d 878, and Sharp v. Fowler, 151 Texas 490, 252 S.W. 2d 153. In the instant case those same authorities are relied upon by petitioner. In our opinion those cases do not rule the instant case. There was no reference in the deeds in those cases to prior instruments "for all purposes" or "for all legal purposes." Petitioner argues that the construction of the court in the Remuda Oil Company case is wrong. While this court did not give an unqualified refusal to the application for writ of error in that case, an examination of the record discloses that the judgment of the Court of Civil Appeals rested upon its construction of the deed, and had we not been in agreement with that construction, we should have granted the application. Other questions were decided by the Court of Civil Appeals in that case, and it would appear that we were not satisfied with the reasoning of the Court of Civil Appeals in all respects.

It is our view that Remuda Oil Company v. Wilson, supra, is authority for the construction given below to the Windsor-Harris deed, and that such construction is correct. Accordingly, the judgment of the Court of Civil Appeals is affirmed.

Opinion delivered October 24, 1956.

Rehearing overruled November 28, 1956.