**180**

Samuel A. HOPKINS, Appellant,

v.

J. E. FOSTER & SON, INC., Appellee.

No. 6559.

Court of Civil Appeals of Texas.

Beaumont.

May 3, 1962.

Rehearing Denied June 20, 1962.

Louis Dugas, Jr., Jerry L. Zunker, Orange, for appellant.

H. P. Robichau, Beaumont, for appellee.

STEPHENSON, Justice.

Plaintiff brought this action for damages for breach of contract. Trial was before the court, and judgment was rendered that plaintiff take nothing. The parties will be referred to here as they were in the trial court.

Defendant wrote a letter of commitment to make plaintiff a loan to finance the construction of a home, which contained the following provision:

"We are to be furnished with a title policy from an acceptable title company, insuring the deed of trust as a first lien on the property, without reservation."

Later defendant was furnished with information showing two-thirds of the minerals under the land upon which the home was to be constructed, to be outstanding in a third person. Defendant then wrote the plaintiff a letter stating the title would not be accepted with the minerals outstanding. Plaintiff secured another loan at a higher rate of interest, and brought this suit for damages to recover the difference in the amount of interest he would have to pay. The sole question to be determined is whether the outstanding mineral interest would violate the provision in the commitment letter that the title policy must insure the deed of trust as a first lien on the property "without reservation."

A conveyance of land without reservation would include all minerals and mineral rights. 128 Tex. 628, 101 S.W.2d

543; Schlittler v. Smith. We hold that the letter of commitment should be construed to mean that defendant would be entitled to have as security a first lien on the property, including all of the minerals. We take judicial knowledge of the fact that land is more valuable with the minerals intact than without.

· An outstanding mineral interest violates the provision "without reservation" in the clause of the letter above quoted.

The judgment is affirmed.