**V. R. FAJKUS, Appellant,**

v.

**Linwood BLAND et al., Appellees.**

**No. 7783.**

Court of Civil Appeals of Texas, Beaumont.

March 18, 1976.

Rehearing Denied April 1, 1976.

J. L. Rothschild, Stanley F. Swenson, Houston, for appellant.

Mike Willatt, Austin, DeLange, Hudspeth, Pitman & Katz, Houston, for appellees.

DIES, Chief Justice.

Plaintiffs below, Linwood Bland and wife, Peggy—appellees—sued defendant below, V. R. Fajkus—appellant—for earnest money, paid in escrow by the latter as a result of an earnest money contract. Trial was to the court without a jury which entered judgment for plaintiffs, and from which defendant perfects this appeal.

The only question involved concerns the construction of this contract:

"Linwood Bland and wife, Peggy Johns Bland (hereinafter called Seller) hereby agrees to sell and convey unto V. R. FAJKUS (hereinafter called Purchaser) and Purchaser agrees to buy, upon the terms and conditions herein contained, the following described property, together with all improvements thereon, in present physical condition unless otherwise specified herein:

"5,055 acres, more or less, in ranch in Duval County, Texas, known as Pinwheel Ranches and particularly described in deed from Oscar Carrillo and wife, Evangelina G. Carrillo, to Linwood Bland, dated May 25, 1968, and recorded in Book 146, at pages 66–70 of the Deed Records of Duval County, Texas, and in deed from Rosalio Lopez and wife, Maria Lopez, to Lenwood Bland, dated December 20, 1968, recorded in Book 149 at pages 176–177 of the Deed Records of Duval County, Texas, *reference being made to each said deed for full description and all purposes.* (Emphasis supplied.) together with . . .," etc.

\* \* \* \* \* \*

"In consideration of which, and within five (5) days from the date title to the above property is shown in Seller as hereinafter provided, Seller agrees to execute and deliver General Warranty Deed to Purchaser conveying said property free and clear of all encumbrances except those named herein, at which time Purchaser agrees to pay said consideration in the manner above provided."

■ It is defendant's contention that because plaintiffs could not convey all of the minerals, they (plaintiffs) were unable to convey said property free and clear of all encumbrances. The Courts of this State hold that the absence of minerals or the presence of an easement, not mentioned in the contract of sale are such variances as to permit rescission of the contract. See *Bowen v. Briscoe,* 453 S.W.2d 287 (Tex.1970), and *Hopkins v. J. E. Foster & Son, Inc.,* 360 S.W.2d 180 (Tex.Civ.App.—Beaumont 1962, no writ).

Plaintiffs, on the other hand, argue that reference is made in the contract to two deeds "for full description and all purposes" and that put defendants on legal notice as to whatever such deeds reveal. Plaintiffs cite us *Harris v. Windsor,* 156 Tex. 324, 294 S.W.2d 798 (1956), which approved *Remuda Oil Co. v. Wilson,* 264 S.W.2d 192 (Tex.Civ. App.—Galveston 1954, writ ref'd n. r. e.), as authority to require defendant to look at those deeds to ascertain what was being conveyed.

Both *Harris* and *Remuda,* supra, are cases construing deeds. We have not been cited, nor do we find, any cases construing a contract of sale containing a similar provision. We recognize the fact that the deeds are consummated transactions, while contracts of sale are executory. There is nothing in the contract of sale itself to indicate that anything less than fee simple title to the surface and minerals would be conveyed.

■ We believe it would not be wise or practical to extend the rule as to construction of deeds to an earnest money contract such as we have involved here. These contracts are used to initiate a transaction. To extend the rule of *Harris* to such a contract would require a title search prior to its execution. This would largely destroy the purpose of an earnest money contract. Of

course, if such a contract itself contained words specifically putting the purchaser on notice of a mineral reservation, the purchaser would be bound by it. Where, as here, reference is made to deeds or other instruments only generally, we decline to require the purchaser to be charged with notice of the reservations contained in those instruments, unless the earnest money contract itself speaks of them.

■ An examination of the two deeds referred to reveals the problems which might arise if we adopt the rule proposed by plaintiffs. The Lopez deed is a conveyance of less than 100 acres, with this exception added to the description:

"This conveyance is made subject to all restrictions, easements, rights-of-way, and mineral reservations, and oil, gas and mineral leases of record in the office of the County Clerk of Duval County, Texas, affecting said property."

The Carrillo deed is a conveyance of 13 tracts of land in two groups. The first group contains 3 tracts aggregating 960 acres and shows an exception of a ⅟₃₂nd perpetual, nonparticipating royalty interest. The second group is ten tracts aggregating 4,002.9 acres, with this added at the end of the last tract:

"This conveyance is subject to a certain Deed of Trust which is now an encumbrance upon said land securing a debt evidenced by a note in the original principal sum of $225,000.00, dated the 28th day of February, 1966, and payable to the order of Connecticut General Life Insurance Company. It is also subject to nonparticipating royalty interests and mineral interest *oc* heretofore reserved, a grazing lease, an oil, gas and mineral lease of record, and ad valorem taxes for the year 1968."

There is no way the defendant in the case before us could have ascertained the amount of mineral interest and royalty interest which was outstanding by referring to the two deeds mentioned in the contract of sale. A lengthy detailed search of the records would have been necessary to get that information. The simple rule, which

we are laying down in a contract of sale case, is that a seller must set forth any mineral or other interest which is outstanding, or at least let the description show specifically that the conveyance will be subject to an exception or reservation.

The judgment of the trial court is reversed and judgment rendered that plaintiffs below—Linwood Bland and Peggy Bland—take nothing of and from defendant below, V. R. Fajkus.

REVERSED and RENDERED.