NUMBER 13-04-579-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


R.C. BUBENIK, ET UX., ALICE BUBENIK, Appellants,


v.
 


DORADO OIL COMPANY, CHARLENE 

NEWTON, JOE BRAVENEC, CHERYL VITEK, 

AND CHARLES BRAVENEC, Appellees.

 


On appeal from the 135th District Court 


of Victoria County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza 


Memorandum Opinion by Justice Rodriguez



 Appellants, R.C. and Alice Bubenik, appeal from a final judgment that (1)
granted a declaratory summary judgment in favor of appellees, Charlene Newton, Joe
Bravenec, Cheryl Vitek, and Charles Bravenec (Bravenec heirs), and (2) awarded
attorney's fees in favor of the Bravenec heirs and appellee, Dorado Oil Company
(Dorado). By two issues, appellants contend that the trial court (1) erred in granting
summary judgment in favor of the Bravenec heirs and (2) abused its discretion in
awarding attorney's fees in favor of the Bravenec heirs and Dorado. We affirm.

I. Background


 Charles and Frances Sklar devised a 113.042 (1) acre tract of land to Guthrie J.
Sklar, Ira C. Sklar, Evelyn Bravenec, mother of the Bravenec heirs, and Allan W. Sklar
(collectively referred to as the Sklar devisees). (2) The Sklar devisees elected to partition
the 113.042 acre tract of land into three parcels, conveying a 55.385 acre parcel to
Evelyn, a 52.989 acre parcel to Guthrie and Ira, and a 4.668 acre parcel to Charles
Allan Sklar. Both the instrument conveying the 55.385 acre parcel to Evelyn and the
instrument conveying the 52.989 acre parcel to Guthrie and Ira contained the
following language: (3)

 It is . . . understood and agreed by all of the parties hereto that the
said GUTHRIE J. SKLAR, IRA C. SKLAR, EVELYN BRAVENEC and ALLAN
W. SKLAR shall share equally in the minerals on and under the above
described tracts of land for a period of fifteen (15) years from the date
of this instrument and for so long thereafter as minerals are produced
from said property. At the expiration of such fifteen (15) years or
cessation of production on said property, the minerals, royalties and all
executive rights shall revert to the Grantee herein . . . .


 Evelyn later sold 53.885 acres of her 55.385 (4) acre tract to appellants, reserving
a life estate in "the royalties paid from any and all oil, gas and mineral leases . . . ." 
After Evelyn passed away, appellants allegedly contacted Dorado to inform Dorado
that they were entitled to Evelyn's royalty interest in the entire 113.042 acres. Based
on documentation that appellants provided to Dorado, Dorado prepared a division order
transferring Evelyn's royalty interest in the 113.042 acres to appellants. The Bravenec
heirs then allegedly communicated with Dorado and informed Dorado that appellants
were entitled to only a portion of Evelyn's royalty interest and that the Bravenec heirs
were entitled to the remaining portion. Dorado subsequently prepared an amended
division order, reflecting the Bravenec heirs' and appellants' apparent proportionate
royalty interests. (5) Appellants allegedly refused to sign the amended division order
because they did not agree with the division of Evelyn's royalty interest. Due to the
conflicting claims between appellants and the Bravenec heirs, Dorado held Evelyn's
royalties in suspense.

 Appellants filed the underlying declaratory judgment action, naming the
Bravenec heirs and Dorado as defendants. Through their declaratory judgment action,
appellants sought a declaration of their own and the Bravenec heirs' rights and relative
ownership interests in the 113.042 acres at issue. More specifically, appellants
sought a declaration that they were entitled to receive Evelyn's mineral and royalty
interest in the entire 113.042 acres reduced by the interest of their daughter and son-in-law in the 1.5 acres they had purchased from Evelyn. Alternatively, assuming that
the court were to construe the deed as not conveying such an interest to appellants,
appellants sought the reformation of the deed by which Evelyn conveyed to them the
53.885 acres to effect "[Evelyn's] intent . . . to convey to [appellants] all of [Evelyn's]
mineral and royalty interest after her death." (Emphasis added.) In addition, appellants
sought a declaration "directing that Dorado . . . pay royalties to the Plaintiffs in their
correct percentage." 

 In response to appellants' declaratory judgment action, Dorado filed a general
denial and a petition in interpleader, contending that appellants and the Bravenec heirs
had rival claims to the royalties that it was holding in suspense and requesting
attorney's fees. In addition, the Bravenec heirs filed a general denial, as well as a
counterclaim against appellants and a cross-claim against Dorado. (6) The Bravenec
heirs' counterclaim against appellants sought a declaration that they were entitled to
Evelyn's royalty interest in the 52.989 acre parcel described in the Guthrie and Ira
Sklar deed and to any other relief to which they showed themselves due. Their cross-claim against Dorado sought a declaration that Dorado had breached the Geistman
lease by refusing to pay royalties to them. The Bravenec heirs then filed a motion for
summary judgment as to their counterclaim against appellants. 

 The trial court granted the Bravenec heirs' motion for summary judgment against
appellants. In its final judgment, the trial court awarded attorney's fees in favor of the
Bravenec heirs and Dorado. (7) This appeal ensued. 

II. Summary Judgment


 By their first issue, appellants contend the trial court erred in granting summary
judgment in favor of the Bravenec heirs. (8) 

A. Standard of Review


 We review the granting of a traditional motion for summary judgment de novo. 
Branton v. Wood, 100 S.W.3d 645, 646 (Tex. App.-Corpus Christi 2003, no pet.)
(citing Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce
Bank Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.-Corpus Christi
2000, pet. denied)). To prevail, the movant has the burden of showing that there is
no genuine issue of material fact and that he is entitled to judgment as a matter of
law. Id. (citing Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex. 1991)). In determining whether there is a genuine issue of material fact,
evidence favorable to the nonmovant is taken as true, and all reasonable inferences
and doubts are resolved in favor of the nonmovant. Id. (citing Am. Tobacco Co. v.
Grinnell, 951 S.W.2d 420, 425 (Tex. 1997)). 

 When, as in this case, a trial court's order granting summary judgment does not
state the grounds upon which it was granted, the judgment must be affirmed if any
of the grounds advanced in the summary judgment motion are meritorious. Id. at 647
(citing Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Boren v. Bullen, 972
S.W.2d 863, 865 (Tex. App.-Corpus Christi 1998, no pet.)).

B. Applicable Law


 Pursuant to the Declaratory Judgments Act (the Act), "[a] person interested
under a deed . . . or other writings . . . may have determined any question of
construction . . . arising under the instrument . . . and obtain a declaration of rights,
status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code Ann. §
37.004(a) (Vernon 1997).

 The construction of an unambiguous deed is a question of law for the court. 
Luckel v. White, 819 S.W.2d 459, 461 (Tex. 1991) (citing Altman v. Blake, 712
S.W.2d 117, 118 (Tex. 1986)). An unambiguous deed is one that can be given a
definite or certain legal meaning. See Stewart Title Guar. Co. v. Aiello, 941 S.W.2d
68, 74 (Tex. 1997) (citing Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983);
Universal C.I.T. Credit Corp. v. Daniel, 150 Tex. 513, 243 S.W.2d 154, 157 (Tex.
1951)).

 The primary duty of a court when construing such a deed is to ascertain the
intent of the parties from the four corners of the document. Luckel, 819 S.W.2d at
461-62 (citing Garrett v. Dils Co., 157 Tex. 92, 94-95, 299 S.W.2d 904, 906 (1957);
1 E. KUNTZ, THE LAW OF OIL AND GAS, § 16.1 (1987); 6A R. POWELL, THE LAW
OF REAL PROPERTY, para. 899[3], at 81A-108 (P. Rohan ed. 1991)). "The parties
to an instrument intend every clause to have some effect and in some measure to
evidence their agreement." Id. at 462 (quoting Altman, 712 S.W.2d at 118). As a
result, when seeking to ascertain the intent of the parties, a court attempts to
harmonize all parts of the deed. Id. (citing Altman, 712 S.W.2d at 118). Even if
different parts of the deed appear contradictory or inconsistent, a court must strive to
harmonize all of its parts and to construe the instrument so as to give effect to all of
its provisions. Id. (citing Benge v. Scharbauer, 152 Tex. 447, 451, 259 S.W.2d 166,
167 (1953)). 

 Furthermore, all instruments in a chain of title, when referred to in a deed, will
be read into the deed. See Centerpoint Energy Houston Elec., L.L.P. v. Old TJC Co.,
177 S.W.3d 425, 430 (Tex. App.-Houston [1st Dist.] 2005, pet. denied) (citing Dixon
v. Amoco Prod. Co., 150 S.W.3d 191, 194 (Tex. App.-Tyler 2004, no pet.); Harris
v. Windsor, 279 S.W.2d 648, 649 (Tex. App.-Texarkana 1955), aff'd, 156 Tex. 324,
294 S.W.2d 798 (Tex. 1956)).

C. Analysis


 In the underlying suit, the trial court granted a declaratory summary judgment
in favor of the Bravenec heirs and construed the deed at issue to convey to appellants,
"all of the interest of Evelyn [Bravenec] in the royalties in said land . . . insofar as and
only insofar as 53.855 bears proportionately to the [113.042] acres." (9) (Emphasis
added.)

 By their first issue, appellants contend the trial court erred in granting summary
judgment in favor of the Bravenec heirs. More specifically, appellants suggest (1) that
the deed at issue unambiguously conveyed to them Evelyn's mineral and royalty
interest in the entire 113.042 acre tract of land reduced only by the interest of their
daughter and son-in-law, and therefore, (2) the trial court misconstrued the effect of
the deed. (10) We disagree.

 Because the deed at issue can be given a definite or certain legal meaning, as
set forth below, we conclude that the deed is in fact unambiguous. See Stewart Title
Guar. Co., 941 S.W.2d at 74 (citing Coker, 650 S.W.2d at 393; Universal C.I.T.
Credit Corp., 243 S.W.2d at 157). As a result, our duty is to attempt to harmonize
all parts of the deed at issue and to ascertain the intent of the parties from the four
corners of the deed. Luckel, 819 S.W.2d at 461-62.

 The granting clause of the deed at issue states the following, in relevant part:

 EVELYN BRAVENEC . . . [has] GRANTED, BARGAINED, SOLD and
CONVEYED, and by these presents [does] GRANT, BARGAIN, SELL and
CONVEY unto the said R. C. BUBENIK and wife, ALICE BUBENIK . . . the
following described tract or parcel of land . . . to-wit:


 BEING 55.385 acres, less 1.50 acre, surveyed out of
113.042 acre traact [sic] of land . . . said 55.385 acres
being situated in . . . Victoria County, Texas, being more
particularly described by metes and bounds on Exhibit "A"
attached hereto and incorporated herein by reference. 
(Emphasis added.)


Based on this language, it is clear and definite, see Stewart Title Guar. Co., 941
S.W.2d at 74, that the parties to the deed intended that Evelyn convey 53.855 acres
out of her 55.385 acre parcel to appellants. It is also certain, based on the metes and
bounds description, that the 53.855 acres conveyed by Evelyn to appellants were
originally part of the 113.042 acre tract of land devised to the Sklar devisees by
Charles and Frances Sklar and later partitioned by the Sklar devisees.

 The deed at issue also contains a section which provides that the conveyance
of the 53.855 acres to appellants is subject to certain interests held by others. 
Specifically, the deed reads as follows, in relevant part:

 This conveyance is SUBJECT TO the following:


 . . . .

 

 All oil, gas and other minerals of every character in and
under said property, reserved by Guthrie J. Sklar[,] et al in
instrument recorded in Volume 956, Page 544, Deed
Records of Victoria County, Texas.

 

 . . . .

 

 There is reserved herein unto Evelyn Bravenec during her
lifetime, all of the royalties paid from any and all oil, gas and
mineral leases, whether in existence or to be executed by
Grantees in the future; however, no executive right is
reserved to Grantor with this reservation, and Grantee and
Grantee's successors and assigns shall have, possess and
own the executive right to lease all minerals and it shall not
be necessary for Grantor to join in future leases of oil, gas
and/or other minerals now on or hereafter covering the
property, or any portion thereof. It is expressly agreed that
. . . Grantor is entitled to receive the royalties that are paid
thereunder during her lifetime, but Grantee is entitled to
receive all of the bonus and/or delay rentals paid in
association therewith.

 

 The instrument that is recorded in volume 956, page 544 of the deed records
of Victoria County, Texas, and that is referenced above in the excerpt from the deed
at issue, is the instrument by which the Sklar devisees (1) partitioned the original
113.042 acre tract of land, (2) conveyed 55.385 acres to Evelyn, and (3) agreed to
share equally in the minerals on and under the 55.385 acre parcel. Based on this
instrument, Evelyn Bravenec, Guthrie J. Sklar, Ira C. Sklar, and Allan W. Sklar were
to share equally in the "minerals on and under [the 55.385 acre parcel] for a period of
fifteen (15) years . . . and for so long thereafter as minerals are produced from said
property. At the expiration of such fifteen (15) years or cessation of production on
said property, the minerals, royalties and all executive rights" in the 55.385 acre parcel
were to revert to Evelyn. When reading the relevant parts of this instrument into the
deed at issue, see Centerpoint Energy Houston Elec., 177 S.W.3d at 430, it is evident
that the parties intended Evelyn's conveyance of the 53.855 acres to appellants to be
subject to the mineral interest shared by Evelyn, Guthrie, Ira, and Allan in the 53.855
acre parcel as just described.

 Furthermore, it is certain from the language of the deed at issue that Evelyn's
conveyance of the 53.855 acre parcel to appellants was intended to be subject to the
reservation of a life estate in Evelyn to "all of the royalties paid from any and all oil,
gas and mineral leases, whether in existence or to be executed by Grantees in the
future." It is also certain from the deed at issue that Evelyn's reservation of the life
estate in said royalties did not extend to the executive right to lease or to the right to
receive bonus and/or delay rentals in association therewith, which she granted outright
to appellants. Appellants urge this Court to construe this portion of the deed at issue
as (1) reserving in Evelyn a life estate in her interest in the entire 113.042 acres,
reduced by their daughter and son-in-law's interest, and (2) as granting to appellants
the executive right to lease and the right to receive bonus and/or delay rentals in
relation to Evelyn's interest in the entire 113.042 acres, also reduced by their daughter
and son-in-law's interest, so as to support their contention that they are entitled to
Evelyn's royalty and mineral interest in the entire 113.042 acres, reduced by their
daughter and son-in-law's interest. However, we cannot ascertain such an intent from
the four corners of the deed at issue. See Luckel, 819 S.W.2d at 461-62.

 Evelyn owned an undivided mineral interest in her 55.385 acre parcel separate
and apart from her undivided mineral interest in Guthrie and Ira's 52.989 acre parcel. 
It is unclear from the record what kind of mineral interest, if any, she owned in Charles
Allan Sklar's 4.668 acre parcel. What Evelyn clearly conveyed to appellants by the
deed at issue was 53.885 acres of her 55.385 acre parcel. Such conveyance was
subject to the instrument recorded in volume 956, page 544 of the deed records of
Victoria County, Texas, described above, and to Evelyn's life estate in the royalties
thereto. In addition, the habendum clause of the deed at issue includes the following
statement: "TO HAVE AND TO HOLD the above described premises." At no time
does the deed at issue reference or describe Evelyn's mineral or royalty interest in
Guthrie and Ira's 52.989 acre parcel; nor does the deed reference or describe Charles
Allan's 4.668 acre parcel. Without reference to Evelyn's mineral and royalty interest
in these parcels, we cannot conclude that the intent of the parties was for Evelyn to
convey to appellants her mineral and royalty interest in the entire 113.042 acres,
reduced by appellants' daughter and son-in-law's interest. Such an intent is not
evidenced by the four corners of the deed. See Luckel, 819 S.W.2d at 461-62. 

 Thus, we conclude that the trial court did not err in granting summary judgment
in favor of the Bravenec heirs and in construing the deed at issue to convey to
appellants, "all of the interest of Evelyn [Bravenec] in the royalties in said land . . .
insofar as and only insofar as 53.855 bears proportionately to the [113.042] acres." 
(Emphasis added.)

 We overrule appellants' first issue.

III. Attorney's Fees


 By their second issue, appellants contend that the trial court abused its
discretion in granting attorney's fees in favor of the Bravenec heirs and Dorado. (11) We
disagree.

A. Standard of Review and Applicable Law


 The Act provides that "the court may award costs and reasonable and
necessary attorney's fees as are equitable and just" in any proceeding brought
pursuant to the Act. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997). The
award of attorney's fees is not limited to the plaintiff or to the party affirmatively
seeking declaratory relief. See Estopar Holdings, Inc. v. Advanced Metallurgical Tech.,
Inc., 876 S.W.2d 205, 211 (Tex. App.-Fort Worth 1994, no writ) (citing Hartford
Cas. Ins. Co. v. Budget Rent-A-Car, 796 S.W.2d 763, 771 (Tex. App.-Dallas 1990,
writ denied)). Rather, the trial court may award attorney's fees to either party in a
declaratory judgment action. See id. 

 The award of attorney's fees pursuant to the Act is entrusted to the sound
discretion of the trial court, subject to the requirements that any fees awarded be
reasonable and necessary, which are matters of fact, and to the additional
requirements that fees be equitable and just, which are matters of law. Bocquet v.
Herring, 972 S.W.2d 19, 21 (Tex. 1998); see Welder v. Green, 985 S.W.2d 170, 180
(Tex. App.-Corpus Christi 1998, pet. denied). It is an abuse of discretion for a trial
court to rule arbitrarily, unreasonably, or without regard to guiding legal principles, or
to rule without supporting evidence. Bocquet, 972 S.W.2d at 21 (citing Goode v.
Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997); Beaumont Bank v. Buller, 806 S.W.2d
223, 226 (Tex. 1991)). Therefore, in reviewing an award of attorney's fees under the
Act, we must determine "whether the trial court abused its discretion by awarding
fees when there was insufficient evidence that the fees were reasonable and
necessary, or when the award was inequitable or unjust." Id. The determination
should be made in light of the standards prescribed in rule 1.04 of the Texas
Disciplinary Rules of Professional Conduct. Id.

 The standards prescribed by rule 1.04 include the following: (1) the time and
labor required, the novelty and difficulty of the questions involved, and the skill
required to perform the legal service properly; (2) the likelihood that the acceptance
of the particular employment will preclude other employment by the lawyer; (3) the fee
customarily charged in the locality for similar legal services; (4) the amount involved
and the results obtained; (5) the time limitations imposed by the client or by the
circumstances; (6) the nature and length of the professional relationship with the
client; (7) the experience, reputation, and ability of the lawyer or lawyers performing
the services; and (8) whether the fee is fixed or contingent on results obtained or
uncertainty of collection before the legal services have been rendered. See Tex.
Disciplinary R. Prof'l Conduct 1.04(b), reprinted in Tex. Gov't Code Ann., tit. 2,
subtit. G app. (Vernon 2005) (State Bar R. art. X, § 9); Columbia Rio Grande Reg'l
Hosp. v. Stover, 17 S.W.3d 387, 397 (Tex. App.-Corpus Christi 2000, no pet.).

B. Analysis


 The trial court heard evidence regarding attorney's fees with respect to the
Bravenec heirs in the form of an affidavit and testimony provided by their attorney,
Robert C. McKay, and with respect to Dorado in the form of testimony and a fee report
provided by their attorney, James T. Clancy.

 McKay, in his affidavit, (1) set out the labor required to address the legal issues
presented by the case, (2) discussed the novelty and difficulty of the questions
involved, (3) identified the number of hours billed and the hourly rate at which those
hours were billed, (4) stated that the fees charged were fees customarily charged in
the area for the same or similar services in consideration of the type of litigation
involved, the amount in controversy, the time limitations imposed, the results obtained,
and the nature and length of the firm's relationship with the clients, (5) stated that the
fees requested were reasonable, necessary, equitable and just, and (6) stated that he
had considered the factors found in rule 1.04 of the Texas Disciplinary Rules of
Professional Conduct. At the hearing on attorney's fees, the trial court took judicial
notice of McKay's affidavit.

 Clancy, in his testimony at the hearing on attorney's fees, (1) set out the labor
required to address the legal issues presented by the case, (2) identified the number
of hours billed and the hourly rate at which those hours were billed, (3) introduced into
evidence the record of attorney's fees related to the case, which the trial court
admitted, and (4) stated that the fees requested were reasonable and necessary in light
of the matters involved in the case and in consideration of the factors enumerated in
rule 1.04 of the Texas Disciplinary Rules of Professional Conduct.

 Although appellants state in their brief that "the [Texas] Supreme court
enumerated 8 factors to be used in determining reasonable and necessary attorney
fees," and that "[t]hose factors . . . when applied to the facts in this case . . . show
that the amounts awarded . . . are . . . excessive and unreasonable," appellants fail to
actually apply those factors to the facts of the case. In addition, while appellants
generally challenge the reasonableness and necessity of the amount of time expended
by the attorneys for the Bravenec heirs and Dorado in the case, the hourly rates billed
in the case, and the total amount of attorney's fees requested when compared to the
issues involved and the amount in controversy, appellants fail to fully develop and to
support their argument. As a result, appellants have failed to demonstrate how the
trial court abused its discretion in awarding attorney's fees in favor of the Bravenec
heirs and Dorado. 

 Moreover, because (1) the Bravenec heirs and Dorado, through their attorneys,
presented some evidence as to the reasonableness and necessity of attorney's fees,
and (2) there is no evidence in the record that the award of attorney's fees was
inequitable or unjust, we cannot conclude that the trial court abused its discretion in
awarding attorney's fees in their favor. See Bocquet, 972 S.W.2d at 21. Therefore,
we overrule appellants' second issue. 

IV. Conclusion


 Accordingly, we affirm the judgment of the trial court.

 

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 14th day of December, 2006.
1. This tract of land was originally surveyed to be 113.87 acres. However, after the land was re-surveyed, it was determined that it was actually a 113.042 acre parcel. Therefore, we will refer to this
tract of land as a 113.042 acre parcel. 
2. Prior to devising the 113.042 acre tract of land to the Sklar devisees, Charles and Frances Sklar
had granted an oil and gas lease to the entire parcel to L. E. Geistman. Based on the continued
production of oil and gas from the property, the Geistman lease remains in effect.
3. The instrument conveying the 4.668 acres to Charles Allan Sklar is not included in the record. 
Therefore, it is not known if that instrument contains similar language regarding the Sklar devisees'
mineral interest in the 4.668 acres.
4. The remaining 1.5 acres of Evelyn's 55.385 acre parcel were sold by Evelyn to appellants'
daughter and son-in-law. Appellants' daughter and son-in-law were not parties to the underlying suit,
and therefore, are not parties to this appeal.
5. The amended division order also reflected the apparent proportionate royalty interest of
appellants' daughter and son-in-law.
6. Through their counterclaim and cross-claim, the Bravenec heirs also sought attorney's fees
against appellants and Dorado, respectively.
7. The trial court awarded $11,000.00 in attorney's fees to the Bravenec heirs for services
rendered through the entry of final judgment. In addition, the trial court awarded the Bravenec heirs
$5,000.00 in the event of an unsuccessful appeal by appellants to this Court and an additional
$5,000.00 in the event of an unsuccessful appeal to the Texas Supreme Court. The trial court awarded
$10,000.00 in attorney's fees to Dorado, $1,554.66 of which was to be recovered from the amount
held in suspense by Dorado.
8. To the extent that appellants may assert that the trial court erred by impliedly granting Dorado's
motion for summary judgment on its petition in interpleader, we conclude the briefing is inadequate. 
See Tex. R. App. P. 38.1(h) (
providing that appellant's brief must contain a clear and concise argument
for the contentions made, with appropriate citations to authorities and to the record). Therefore, such
a contention is not before us.
9. As a result of the trial court's construction of the deed, the trial court determined that the
Bravenec heirs were entitled to "[t]itle to royalties and other benefits which were owned by Evelyn
Bravenec under the [113.042] acre Geistman Lease, other than the 53.855 acres sold by Evelyn
Bravenec to [appellants] and the 1.5 acres sold by Evelyn to [appellant's daughter and son-in-law]."
10. To the extent that appellants contend, in the alternative, that the trial court erred in granting
summary judgment because (1) the deed is ambiguous and parol evidence should have been allowed to
determine the intent of the parties, and (2) the deed contains a mutual mistake due to scrivener error
and they were entitled to present evidence of the intent of the parties to effect the reformation of the
deed, the briefing is inadequate. See Tex. R. App. P. 38.1(h). Therefore, such contentions are not
before us.
11. To the extent that appellants may also assert that the Bravenec heirs inappropriately filed a 
counterclaim for declaratory relief in an effort to receive an award of attorney's fees, we conclude the
briefing is inadequate. See Tex. R. App. P. 38.1(h)
. Therefore, such a contention is not before us.