Affirmed and Opinion filed August 16,
2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00026-CV



Nathan P.
Philipello and Shari K. Philipello,
Appellants 

v.

The Nelson
Family Farming Trust, Appellee 



On Appeal from
the 82nd District Court

Robertson County, Texas

Trial Court
Cause No. 08-01-18,007-CV-B



 

OPINION 

Landowners-grantees challenge a summary judgment in
which the trial court construed a deed as reserving to the grantor for a period
of ten years one-eighth of the royalty in oil, gas, or other minerals in and
under the land conveyed in the deed.  We affirm.

Factual and Procedural
Background

            This case involves a dispute over the
construction of language in a deed regarding a reservation of a royalty
interest.  In the deed in question (“Deed”), appellee The Nelson Family Farming
Trust (“the Nelson Trust”) conveyed to appellants Nathan P. and Shari K. Philipello
(collectively “the Philipellos”) approximately 110.26 acres of land in
Robertson County, Texas (the “Property”), subject to (1) all previous mineral
and royalty reservations, (2) a reservation of royalty in favor of the Nelson
Trust, and (3) various exceptions to the conveyance.  

            In 1982, Bill W.
and Velma Clements (the “Clementses”) conveyed an undivided one-half mineral
interest collectively in the Property to their two sons, Billy Clements and
Larry Clements, with each son receiving an undivided one-fourth interest.  In
1991, the Clementses conveyed land, including the Property, to the Nelson
Trust.  In July 2001, the Nelson Trust executed the Deed. 

            In another
lawsuit, the parties are litigating whether, under the Deed, the Nelson Trust
conveyed to the Philipellos a one-fourth interest or a one-half interest in the
minerals under the Property.  It is undisputed that, when it executed the Deed,
the Nelson Trust owned at least a one-fourth interest in the minerals under the
Property and that the Nelson Trust did not own all of the minerals under the
Property.  

            In the trial
court, the Nelson Trust, the Philipellos, and others were named as defendants
in a declaratory-judgment action regarding the ownership of a disputed interest
in the minerals under the Property and other land.  The Nelson Trust filed a
cross-petition against the Philipellos seeking a declaratory judgment regarding
the proper construction of language in the Deed in which the Nelson Trust
reserves a term royalty interest.  The Nelson Trust asserted that, under the
unambiguous language of the Deed, the Nelson Trust reserved for itself, for a
period of ten years, one-eighth of the royalty in oil, gas, or other minerals
in and under the Property.  The trial court granted the Nelson Trust’s motion
for summary judgment and declared that under the Deed the Nelson Trust reserved
to itself, for a period of ten years (from July 26, 2001 through July 26,
2011), one-eighth of the royalty in oil, gas, or other minerals in and under
the Property.  The trial court severed this partial summary judgment, making
the judgment final.  

Analysis

In a single issue, the Philipellos assert that the
trial court erred in ruling as a matter of law that the Nelson Trust reserved a
royalty in the entire Property.  Declaratory judgments that are decided by
summary judgment are reviewed under the same standards that govern summary
judgments generally.  See Lidawi v. Progressive Cnty. Mut. Ins. Co., 112
S.W.3d 725, 730 (Tex. App.—Houston [14th Dist.] 2003, no pet.).  In our de novo
review of a trial court’s summary judgment, we consider all the evidence in the
light most favorable to the nonmovant, crediting evidence favorable to the
nonmovant if reasonable jurors could, and disregarding contrary evidence unless
reasonable jurors could not.  Mack Trucks, Inc. v. Tamez, 206 S.W.3d
572, 582 (Tex. 2006).  The evidence raises a genuine issue of fact if reasonable
and fair-minded jurors could differ in their conclusions in light of all of the
summary-judgment evidence.  Goodyear Tire & Rubber Co. v. Mayes, 236
S.W.3d 754, 755 (Tex. 2007).

The body of the Deed comprises less than two pages.  Following
recitations of the Deed’s date and consideration and identification of the
Grantor and Grantees, the Deed contains the following language:

Property (including any
improvements):  BEING 110.26 acres of land, more or less, [the Deed then
describes the Property in various ways including by metes and bounds].

This Deed is subject
to all previous mineral and/or royalty reservations.

Reservations from Conveyance:  SAVE AND EXCEPT and
there is hereby reserved for Grantor and Grantor’s heirs, administrators, successors
or assigns, for a period of ten (10) years from the date of this conveyance,
one-eighth (1/8) of the royalty in oil, gas and other minerals in and under and
that may be produced with the oil and gas.  At the expiration of such ten (10)
year period, the entire royalty estate reserved herein shall revert to and be
owned by Grantees, their heirs and assigns.

The Deed then (1) lists
various exceptions to the conveyance and warranty, and (2) sets forth the
warranty of title.  The Deed states that the Nelson Trust is conveying the
Property subject to prior reservations of mineral or royalty interests.  The
Deed does not contain any reference to the Nelson Trust’s interest in the
minerals under the Property, which the Nelson Trust conveyed to the Philipellos
in the Deed.

In this case, the sole issue on appeal is the construction
of the reservation in the Deed.  The Philipellos assert that, under the
unambiguous language of the Deed, the Nelson Trust reserved, for a period of
ten years, one-eighth “of the royalty of the one quarter or one half of the
minerals that it owned prior to the conveyance to [the Philipellos].”  The
Nelson Trust argues the trial court correctly construed the unambiguous
language of the Deed to reserve to the Nelson Trust, for a period of ten years,
one-eighth of the royalty in oil, gas, or other minerals in and under the
entire Property.

The construction of an unambiguous deed is a question
of law for the court.  Luckel v. White, 819 S.W.2d 459, 461 (Tex. 1991).
 In construing deeds, our primary objective is to ascertain the intent of the
parties from all of the language in the deed.  See id.  To ascertain the
parties’ true intention, we examine all of the deed’s language.  Id.  That
intention, when ascertained, prevails over arbitrary rules of construction.  Id.
at 462. 

            Two lines of
cases potentially could apply to a reservation of a mineral interest or royalty
in a deed in which the grantor owns an undivided, fractional mineral interest. 
In one line of cases, the deed contains language stating that the mineral
interest or royalty applies to the oil and gas in and under the property
conveyed in the deed.  See Averyt v. Grande, Inc., 717 S.W.2d 891, 893
(Tex. 1986); Hooks v. Neill, 21 S.W.2d 532, 538 (Tex. Civ.
App.—Galveston 1929, writ ref’d).  In these cases, courts hold that the
fraction in the reservation modifies the undivided, fractional mineral interest
conveyed by the grantor in the deed.  See Averyt, 717 S.W.2d at 893; Hooks,
21 S.W.2d at 538–39.  

In the other line of cases, the deed contains
language stating that the mineral interest or royalty applies to the oil and
gas in and under the property described in the deed, and the property described
in the deed is the entire tract of land.  See Averyt, 717 S.W.2d at 893;
King v. First Nat’l Bank of Wichita Falls, 192 S.W.2d 260, 262 (Tex.
1946).  In these cases, courts hold that the fraction in the reservation
modifies the entire tract, even though a fractional mineral interest is being conveyed
in the deed.  See Averyt, 717 S.W.2d at 893; King, 192 S.W.2d at 262–63.


Neither of these lines of cases applies to the Deed
in the case under review.  In the pertinent part of the reservation, the Nelson
Trust states that it reserves “one-eighth (1/8) of the royalty in oil, gas and
other minerals in and under and that may be produced with the oil and gas.” 
The reservation does not expressly state that the oil, gas and other minerals
are in and under the property conveyed or the property described.  The parties
have not cited and research has not revealed any case in which the court
construed a reservation with the same or similar language.  

We conclude that it is reasonable to construe the oil,
gas, and other minerals as referring to the oil, gas, and other minerals in and
under the Property.  Shortly before the reservation paragraph, the Deed
contains a paragraph with a detailed description of the Property.  But, the
Deed does not contain a statement or description of the fractional mineral interest
that the Nelson Trust is conveying to the Philipellos.[1]  In this
context, we conclude that it is not reasonable to construe the oil, gas, and
other minerals as referring to the oil, gas, and other minerals in and under
the undivided, fractional mineral interest conveyed by the Nelson Trust in the
Deed.  Therefore, under the Deed’s unambiguous language, the Nelson Trust
reserved for itself, for a period of ten years, one-eighth of the royalty in
oil, gas, or other minerals in and under the Property.  

The Philipellos assert that when the Nelson Trust executed
the Deed, the Nelson Trust owned either an undivided one-quarter or an
undivided one-half of the minerals under the Property.  The Philipellos assert
that, in either event, the Nelson Trust did not own the remainder of the
minerals and therefore could not reserve to itself a royalty in oil, gas, or
other minerals in and under mineral interests that the Nelson Trust did not own. 
The only authority the Philipellos cite that supports this argument is Justice
Kilgarlin’s dissenting opinion in the Averyt case.  See Averyt,
717 S.W.2d at 895–901 (Kilgarlin, J., dissenting).  The Philipellos’ argument
is contrary to the majority opinion in Averyt, which is binding on this
court.  See id. at 893–95.  Therefore, we reject this argument.[2]  

Finally, the Philipellos argue that their
construction of the Deed must be adopted under various canons of construction,
including the canon that any doubts regarding the proper construction of a deed
should be resolved against the grantor.  But this court has determined that the
Deed is unambiguous and that this court can determine the intent of the parties
from the language used in the Deed.  In this situation, there is no need to
apply canons of construction.  See Luckel, 819 S.W.2d at 461–62; Harris
v. Windsor, 294 S.W.2d 798, 800 (Tex. 1956); Cherokee Water Co. v.
Freeman, 33 S.W.3d 349, 353 (Tex. App.—Texarkana 2000, no pet.).  Because
there is no ambiguity in the language in question, there is no doubt to resolve
against the Nelson Trust as grantor.  

Conclusion

Under the applicable standard of review, the trial
court did not err in granting summary judgment in favor of the Nelson Trust. 
Accordingly, we overrule the Philipellos’ sole appellate issue and affirm the
trial court’s judgment.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

Panel consists
of Justices Anderson, Frost, and Brown.









[1] In the
Deed, the Nelson Trust states that it is conveying the Property, subject to all
previous mineral and royalty reservations and subject to several express
exceptions to the conveyance.   





[2] The Philipellos also argue that the language in the
Deed is materially different from the language at issue in the King line
of cases discussed above.  See Averyt, 717 S.W.2d at 893; King,
192 S.W.2d at 262–63.  We agree with this argument, but the inapplicability of
this line of cases does not speak to what the result should be in the case
under review.