ACCEPTED
12-15-00177-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/24/2015 9:40:01 AM
Pam Estes
CLERK

NO. 12-15-00177-CV

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/24/2015 9:40:01 AM
PAM ESTES
Clerk

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

WALTER BOUNDS and wife, CAROLYN BOUNDS,
Appellants and Cross-Appellees

v.

JOHN THOMAS PRUD'HOMME, JOSEPH GILBERT PRUD'HOMME,
JOSEPH LYNN PRUD'HOMME, PETER A. BREEN, Individually and as
Successor Trustee of the BREEN FAMILY TRUST, JANET M. SUTRO,
SUSAN E. BREEN, and TERRANCE E. BREEN, Individually and d/b/a
E.G. AND M.A. PRUD'HOMME BENEFICIARIES PARTNERSHIP,

Appellees and Cross-Appellants

BRIEF OF CROSS-APPELLANTS

Robert G. Hargrove
State Bar No. 24032391
rob@texasenergylaw.com
Osborn, Griffith & Hargrove
515 Congress Avenue, Suite 2450
Austin, Texas 78701
(512) 476-3529
(512) 476-8310 *Facsimile*

## IDENTITY OF PARTIES AND COUNSEL

Defendants-Appellees/Cross Appellants:

John Thomas Prud'homme
Joseph Gilbert Prud'homme
Joseph Lynn Prud'homme
Peter A. Breen, Individually and as Successor Trustee of the Breen Family Trust
Janet M. Sutro
Susan E. Breen
Terrence E. Breen
The E.G. and M.A. Prud'homme Beneficiaries Partnership

Trial and Appellate Counsel for Appellees/Cross Appellants:

Robert G. Hargrove
Osborn, Griffith & Hargrove
515 Congress Avenue, Suite 2450
Austin, Texas 78701

Additional Trial Counsel for Appellees/Cross Appellants:

J. Keith Stanley
Russell R. Smith
Fairchild, Price, Haley & Smith, LLC
P.O. Drawer 631668
Nacogdoches, Texas 75963

Plaintiffs-Appellants/Cross Appellees:

Walter Bounds and wife, Carolyn Bounds

Trial and Appellate Counsel for Appellants/Cross Appellees:

Thomas R. McLeroy, Jr.
P.O. Box 668
Center, Texas 75935

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL………………………….……ii

INDEX OF AUTHORITIES………………………………………......iv

STATEMENT OF THE CASE…………………………………………...v

STATEMENT REGARDING ORAL ARGUMENT……………………... vi

RECORD AND APPENDIX…………………………………………… vi

ISSUES ON APPEAL…………………………………………...vii

BACKGROUND…………………………………………………1

STATEMENT OF FACTS…………………………………………...2

ARGUMENT…………………………………………………… 5

    I.    The Five Subsequent Deeds are not ambiguous, and they

        reserve the mineral estate to their grantors…..........................6

        A.    Standard of Review…………...................................6

        B.    The unambiguous terms of the five later executed deeds

        make the grantors' intent to reserve the minerals clear…........... 7

CONCLUSION AND PRAYER……………………………………….. 10

CERTIFICATE OF COMPLIANCE…………………………………11

APPENDIX…………………………………………………...12

# INDEX OF AUTHORITIES

**Cases**

*Concord Oil Co. v. Pennzoil Exploration & Prod. Co.*, 966 S.W.2d 451, 455 (Tex. 1998) ................................................................. 7,8

*Dynegy Midstream Services Ltd. P'ship v. Apache Corp.,* 294 S.W.3d 164 (Tex. 2009). ................................................................. 6

*Fisher v. Wynn*, No. 12-11-00008-CV, 2011 WL 3338771 (Tex. App. -- Tyler 2011, no pet.) (mem. op.). ................................................. 6

*Harris v. Windsor*, 294 S.W.2d 798 (Tex. 1956) ................................................ 7

*Johnson v. Connor*, 260 S.W.3d 575 (Tex. App. -- Tyler 2008, no pet.) ................................................................................. 6

*Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991) ...................................... 7,8

*National Union Fire Ins. v. CBI Indus., Inc.,* 907 S.W.2d 517 (Tex. 1995), citing *Coker v. Coker*, 650 S.W.2d 391 (Tex. 1983) ...................... 6

*Nevil v. TFW Management, Inc.*, No. 12-11-00023-CV, 2012 WL 220252 (Tex.App.—Tyler 2012, no pet.) (mem. op.) ................................. 8

*R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517 (Tex. 1980) ................................................................. 7

# STATEMENT OF THE CASE

| | |
|---|---|
| *Nature of the Case:* | This is a deed construction case. Defendants-Appellees/Cross-Appellants (the "Prud'homme Group") sold roughly 126 acres of property in San Augustine County to Plaintiffs-Appellants/Cross Appellees ("Bounds") in 2001. Supp.CR209-222. The property was conveyed from the Prud'homme Group to Bounds by way of six Warranty Deeds. *Id.* On October 8, 2013, Bounds filed his Original Petition in the trial court, asserting that the Warranty Deeds conveyed the mineral estate to Bounds, and asking, in the alternative, that they be reformed if the Court finds that the Warranty Deeds reserved the mineral estate to their grantors. Supp.CR5-65. The Prud'homme Defendants answered, generally denying the Bounds claims, and asserting that the statute of limitations barred the potential reformation claim. Supp.CR66-69. |
| *Trial Court:* | 1st District Court of San Augustine County, Texas; The Honorable Craig M. Mixson presiding. |
| *Course of Proceedings:* | The case was tried to the Court on February 25, 2015, and a Judgment was entered on March 9, 2015. Supp.CR202-208. By its Judgment, the Court found that one of the six deeds was unambiguous, that it reserved the mineral estate to its grantors, and that Bounds could not prevail on his attempt to reform the deed. *Id.* The Prud'homme Group does not appeal those rulings.<br><br>The Judgment also found that the other five deeds were ambiguous and did not reserve the mineral estate to their grantors. *Id.* The Prud'homme Group appeals those findings. Supp.CR225-226. Findings of Fact and Conclusions of Law were signed by the Court on May 6, 2015. Supp.CR209-222 |

## STATEMENT REGARDING ORAL ARGUMENT

This is a fairly straightforward case involving the construction of deeds and the application of the statute of limitations. The Prud'homme Group does not believe oral argument would significantly aid the decisional process, and so they do not request oral argument. However, if the Court decides that oral argument is appropriate, the Prud'homme Group would request that it be permitted to participate.

## RECORD AND APPENDIX

The record in this appeal includes a Clerk's Record and a Supplemental Clerk's Record. Citations to each will be to page number: CR___ or Supp.CR___. The record in this appeal includes a two-volume Reporter's Record. Citations to it will be to volume and page number: ___RR___. The trial exhibits are found in Volume 2 of the Clerk's Record, and they will be cited as P.Ex.__ or D.Ex.__.

The Appendix to this brief includes the following items:

Apx. A: Final Judgment
Apx. B: Findings of Fact and Conclusions of Law
Apx. C: Deed Form A (the initial deed – P.Ex.5)
Apx. D: Deed Form B (one of the subsequent deeds – P.Ex.6)

## ISSUES ON APPEAL

1.     Did the trial court err in ruling that a group of deeds from the Prud'homme Group to Bounds was ambiguous?

2.     Did the trial court err in construing those deeds to <u>not</u> reserve the mineral estate to their grantors?

TO THE HONORABLE COURT OF APPEALS:

## **BACKGROUND**

This case, tried to the court, is a dispute over the construction of a series of warranty deeds executed in 2001 to consummate a real estate transaction in which the Prud'homme Group sold approximately 126 acres of land in San Augustine County to Bounds.

The parties prepared and executed the deeds in two phases. A single initial deed was prepared and executed which conveyed the majority of the interest in the property. Later, five additional deeds were prepared and executed, which conveyed the remainder of the interest in the property.

More than a decade after the transaction closed, Bounds asserted that the mineral estate should have been conveyed to him in the transactions and filed this lawsuit.

The trial court ruled in the Prud'homme Group's favor as to the initial deed, both that it unambiguously did reserve the minerals to the Prud'homme Group, and that Bounds could not reform it. The Prud'homme Group does not appeal those rulings.

The trial court also ruled that the five subsequent deeds were ambiguous, and the trial court construed them to convey the mineral estate to Bounds. The Prud'homme Group does appeal those rulings.

1

## STATEMENT OF FACTS

Immediately prior to May 22, 1971, E.G. Prud'homme, Sr. and his wife, Mary Anderson Prud'homme, owned 100% of the surface estate, and an undivided 50% of the mineral estate, with respect to 126.632 acres of land in San Augustine County, Texas (hereafter the "126 acres"). CR83-96, FF No. 1.[1]

By way of a Deed dated May 22, 1971, Mr. and Mrs. Prud'homme conveyed 100% of their surface interest and 50% of their mineral interest in the 126 acres to Eck G. Prud'homme, Jr., Eleanor Prud'homme Breen, John Thomas Prud'homme, Joseph Gilbert Prud'homme, and Joseph Lynn Prud'homme DBA the E.G. and M.A. Prud'homme Beneficiaries Partnership. CR83-96, FF No. 1; P.Ex.3. The five named individuals, who were the partners in this Partnership, were their five children. 1RR109:3-110:1.

On or about July 4, 2001, The E.G. and M.A. Prud'homme Beneficiaries Partnership entered into a contract to sell its interest in the 126 acres to Walter and Carolyn Bounds. CR83-96, FF No. 12.

Walter and Carolyn Bounds were represented by counsel, Mr. John Griffin, with respect to their purchase of the 126 acres from the E.G. and

---

[1] The Court's Findings of Fact and Conclusions of Law are in the Clerk's Record at Pages 83-96. The Prud'homme Group will cite to them by numbered Finding.

M.A. Prud'homme Beneficiaries Partnership. CR83-96, FF No. 13; P.Ex.27, 31:2-4.[2]

The Bounds' attorney, John Griffin, prepared the Warranty Deed, dated September 7, 2001, by and between Eck. G. Prud'homme, Jr., Al Joseph Breen, John Thomas Prud'homme, Joseph Gilbert Prud'homme, and Joseph Lynn Prud'homme, d/b/a E.G. and M.A. Prud'homme Beneficiaries Partnership, as Grantors, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees. CR83-96, FF No. 14; P.Ex.5. That Deed was executed by its Grantors on September 8, 2001 and on September 12, 2001. CR83-96, FF No. 16; P.Ex.5.

The trial court ruled that this deed unambiguously reserved the minerals to its grantors.

John Griffin also prepared a series of additional warranty deeds, all executed about a month later by the descendants of Eleanor Prud'homme Breen, one of the five children of Mr. and Mrs. Prud'homme. They are described more specifically below.

John Griffin prepared the warranty deed dated September 7, 2001, by and between Hal Joseph Breen, a single person, Individually and as Trustee of the Breen Family Trust and Personal Representative under the Last Will of

---

[2] Plaintiff's Exhibit 27 is a transcript of Mr. Griffin's deposition, the highlighted portions of which were admitted into evidence at trial.

3

Eleanor P. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees. CR83-96, FF No. 20; P.Ex.6. That Deed was executed on October 9, 2001. CR83-96, FF No. 21; P.Ex.6.

John Griffin prepared the Warranty Deed dated September 7, 2001, by and between Peter A. Breen, Individually and as Successor Trustee of the Breen Family Trust, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees. CR83-96, FF No. 23; P.Ex.7. That deed was executed on October 9, 2001. CR83-96, FF No. 24; P.Ex.7.

John Griffin prepared the Warranty Deed dated September 7, 2001, by and between Susan E. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees. CR83-96, FF No. 26; P.Ex.8. That Deed was executed on October 5, 2001. CR83-96, FF No. 27; P.Ex.8.

John Griffin prepared the Warranty Deed dated September 7, 2001, by and between Terence J. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees. CR83-96, FF No. 29; P.Ex.8A. That Deed was executed on October 17, 2001. CR83-96, FF No. 30; P.Ex.8A.

John Griffin prepared the Warranty Deed dated September 7, 2001, by and between Janet M. Breen Sutro, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees. CR83-96, FF No. 32; P.Ex.9. That Deed was executed on October 9, 2001. CR83-96, FF No. 33; P.Ex.9.

The trial court ruled that this second group of deeds, executed in October, 2001, were ambiguous and did not reserve the mineral estate to their grantors.

Plaintiffs filed this lawsuit on October 8, 2013. CR83-96, FF No. 49; Supp.CR5-65.

## ARGUMENT

This transaction occurred in two phases. The first, which closed in early September, 2001, conveyed the bulk of the interest in the 126 acres, by way of a single Warranty Deed, which is Plaintiff's Exhibit 5.[3] The Court ruled, properly, that that Deed was not ambiguous. The Court construed that Deed, properly, to reserve the mineral estate to the Prud'homme grantors.

The second phase of the transaction took place roughly one month later. In it, descendants of one branch of the Prud'homme family (the Breens) were asked to execute five subsequent deeds. Those Warranty Deeds are Plaintiff's Exhibits 6, 7, 8, 8A, and 9. These deeds are identical to the original deed with one exception. At the end of the property description section of the deed, they contain the following sentence: "This deed is intended to convey

---

[3] Also included in the Appendix at Apx.3.

all of Grantor's interest in and to the above-described real property."  P.Ex.6, for example.[4]

Since, as a matter of law, this added sentence neither renders the deeds ambiguous nor un-does the clear mineral reservation that follows, the trial court's rulings with respect to these deeds were incorrect.

## I.     The Five Subsequent Deeds are not ambiguous, and they reserve the mineral estate to their grantors.

### A.     Standard of Review

Whether a deed is ambiguous is a question of law for the court, which the Court of Appeals reviews de novo.  *Johnson v. Connor*, 260 S.W.3d 575, 579 (Tex. App. -- Tyler 2008, no pet.).  "If a written contract is so worded that it can be given a definite or certain legal meaning then it is not ambiguous."  *National Union Fire Ins. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995), citing *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). *See also Fisher v. Wynn*, No. 12-11-00008-CV, 2011 WL 3338771, *5 (Tex. App. -- Tyler 2011, no pet.) (mem. op.).  "A contract is not ambiguous simply because the parties disagree over its meaning."  *Dynegy Midstream Services Ltd. P'ship v. Apache Corp.*, 294 S.W.3d 164, 168 (Tex. 2009).

---

[4] Exhibits 6, 7, 8, 8A, and 9 are identical, other than their grantors.

Similarly, "The construction of an unambiguous deed is a question of law for the court." *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991). A court's primary goal when construing a deed is to ascertain the intention of the parties as expressed within the "four corners" of the instrument. *Id*. The four corners rule requires the court to ascertain the intent of the parties solely from the language of the instrument. *See Concord Oil Co. v. Pennzoil Exploration & Prod. Co.*, 966 S.W.2d 451, 455 (Tex. 1998) ("[T]he intent of the parties must be determined from what they expressed in the instrument, read as a whole, and . . . the actual, subjective intent of the parties will not always be given effect even if we were able to discern that subjective intent."). If a written instrument, such as a deed, is worded in such a way that "a court may properly give it a certain or definite legal meaning or interpretation, it is not ambiguous." *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 519 (Tex. 1980).

## B.   The unambiguous terms of the five later-executed deeds make the grantors' intent to reserve the minerals clear.

To create a mineral reservation, no magic words are needed, and absence of specific language is not determinative. *Harris v. Windsor*, 294 S.W.2d 798, 800 (Tex. 1956); *Concord Oil Co. v. Pennzoil Exploration and Prod. Co.*, 966 S.W.2d 451, 454 (Tex. 1998) (citing *Luckel*, 819 S.W.2d at

461-62); *Nevil v. TFW Management, Inc.*, No. 12-11-00023-CV, 2012 WL 220252, \*4 (Tex.App.—Tyler 2012, no pet.) (mem. opinion) ("absence of any specific language" not indicative of the framer's intent).

Here, all of the warranty deeds expressly and unambiguously reserved all oil, gas, and other mineral rights to their grantors as follows:

> **Reservations from and Exceptions to Conveyance and Warranty**: TITLE to any of the oil, gas and other minerals, in, under and that may be produced from the above-described real property, together with all rights, privileges and immunities relating thereto . . .

P.Exs. 5, 6, 7, 8, 8A, and 9. The trial court construed this language, and found that it unambiguously reserved the minerals, as to the original deed (Plaintiff's Exhibit 5).

The five subsequent Warranty Deeds differ from the initial deed only in that they include a sentence that states: "This Deed is intended to convey all of Grantor's interest in and to the above-described real property." P.Exs. 6, 7, 8, 8A, and 9. Under Texas law, this language must be harmonized with the other parts of the deeds. *Luckel v. White*, 819 S.W.2d at 462. When harmonized with the reservation-and-exception paragraph, the additional language is a confirmation of the grantors' general intent to convey the property to the grantees, but as tempered by the mineral reservation.

This added sentence must be read in the context of the deed's organizational structure. The sentence is located in the "Property" section of the deed, immediately at the end of the metes and bounds description. The next section of the deed is the "Reservations from and Exceptions to the Conveyance and Warranty" section of the deed, which is set out above. Following both of these sections, and activating them, is the granting clause.

In order to construe these deeds, and harmonize the added sentence with the rest of the deeds, one must begin and end with the granting clause. The granting clause reads:

> Grantor, for the consideration and subject to the reservations from and exceptions to the conveyance and warranty, grants, sells, and conveys to Grantee, the property . . .

P.Exs.6, 7, 8, 8A, and 9. "Property" is a defined term, and its definition includes the sentence which the trial court found created the ambiguity. The granting clause makes it clear that the Grantor conveys to the Grantee the Property, <u>subject to</u> the reservations. P.Exs. 6, 7, 8, 8A, and 9. By the express terms of the granting clause, the added sentence <u>cannot trump</u> the reservations. The <u>property</u> is conveyed <u>subject to</u> the reservations.

The language of the deeds themselves, then, resolves the issue that the trial court found created the ambiguity. The language of the deeds themselves also requires that the five subsequent deeds be construed just as

9

the initial deed must be:  to reserve "TITLE to any of the oil, gas and other minerals" to the deeds' grantors.

## CONCLUSION AND PRAYER

The trial court's ambiguity ruling as to the five subsequently-executed deeds cannot survive a careful reading of the deeds themselves, which make it clear that any language in the property description must be construed expressly subject to the mineral reservation.  Accordingly, the Prud'homme Group respectfully requests that the Court of Appeals reverse that portion of the trial court's judgment that deals with these five subsequent deeds (Plaintiff's Exhibits 6, 7, 8, 8A, and 9), and render judgment that those deeds were unambiguous, and that they reserved any and all minerals to their grantors.

Respectfully submitted,

OSBORN, GRIFFITH & HARGROVE
Robert G. Hargrove, SBN 24032391
515 Congress Avenue, Suite 2450
Austin, Texas  78701
(512) 476-3529
(512) 476-8310 Facsimile
rob@texasenergylaw.com


By:   /s/ Robert G. Hargrove
     Robert G. Hargrove
**ATTORNEYS FOR
PRUD'HOMME DEFENDANTS**

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on the following persons through the electronic filing and service system on this the 24th day of September, 2015.


Thomas R. McLeroy Jr.
SBN 13766800
P.O. Box 668
Center, Texas 75935
**ATTORNEY FOR CROSS-APPELLEES**


By:   /s/ Robert G. Hargrove
        Robert G. Hargrove


## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing instrument was prepared using Microsoft Word for Mac 2011, and that, according to its word-count function, the sections of the foregoing pleading covered by TRAP 9.4(i)(1) contain 2,054 words.


By:   /s/ Robert G. Hargrove
        Robert G. Hargrove

# APPENDIX

Apx. A:  Final Judgment (CR70-76)

Apx. B:  Findings of Fact and Conclusions of Law (CR83-96)

Apx. C:  Deed Form A (the initial deed – P.Ex.5)

Apx. D:  Deed Form B (one of the subsequent deeds –P.Ex.6)

# Apx. A

Cause No. CV-13-9488

| | | |
|---|---|---|
| WALTER BOUNDS and wife, | § | IN THE DISTRICT COURT |
| CAROLYN B. BOUNDS, | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| JOHN THOMAS PRUD'HOMME, | § | |
| JOSEPH GILBERT PRUD'HOMME, | § | SAN AUGUSTINE COUNTY, |
| JOSEPH LYNN PRUD'HOMME, | § | TEXAS |
| PETER A. BREEN, Individually and as | § | |
| Successor Trustee of the BREEN FAMILY | § | |
| TRUST, JANET M. SUTRO, SUSAN E. | § | |
| BREEN, and TERRANCE E. BREEN, | § | |
| Individually and d/b/a E.G. AND M.A. | § | |
| PRUD'HOMME BENEFICIARIES | § | |
| PARTNERSHIP, | § | |
|    Defendants. | § | 1st JUDICIAL DISTRICT |

**FILED**

AT 2:0 O'CLOCK P M

3-16 20 15

JEAN STEPTOE District Clerk
SAN AUGUSTINE, TEXAS
BY _____

## JUDGMENT

On February 25, 2015, this cause came on to be heard. Walter Bounds and wife, Carolyn Bounds, Plaintiffs, appeared in person and by attorney of record and announced ready for trial, and John Thomas Prud'homme, Joseph Gilbert Prud'homme, Joseph Lynn Prud'homme, Peter A. Breen, Individually and as Successor Trustee of the Breen Family Trust, Janet M. Sutro, Susan E. Breen, and Terrance E. Breen, Individually and d/b/a/ E.G. and M.A. Prud'homme Beneficiaries Partnership, Defendants, appeared in person and by attorney of record and announced ready for trial. No jury having been demanded, all questions of fact were submitted to the Court, and the case proceeded to trial.

The Court, after hearing the evidence and arguments of counsel, is of the opinion and finds that:

Vol. WW pg. 627

(a)     the Warranty Deed dated September 7, 2001, by and between Eck. G. Prud'homme, Jr., Al Joseph Breen, John Thomas Prud'homme, Joseph Gilbert Prud'homme, and Joseph Lynn Prud'homme, d/b/a E.G. and M.A. Prud'homme Beneficiaries Partnership, as Grantors, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, recorded in the Records of San Augustine County, Texas in Volume 24, Page 20, and admitted in evidence as Plaintiffs' Exhibit 5, is not ambiguous, and is hereby construed to reserve to its Grantors any and all oil, gas, and other minerals owned by its Grantors with respect to the property conveyed by the deed;

(b)     the Plaintiffs should take nothing with respect to their cause of action to reform the deed described above and admitted as Plaintiffs' Exhibit 5;

(c)     the Warranty Deed dated September 7, 2001, by and between Hal Joseph Breen, a single person, Individually and as Trustee of the Breen Family Trust and Personal Representative under the Last Will of Eleanor P. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, recorded in the Records of San Augustine County, Texas in Volume 24, Page 25, and admitted in evidence as Plaintiffs' Exhibit 6, is ambiguous, and is hereby construed to convey to its Grantees any and all oil, gas, and other minerals owned by its Grantor with respect to the property conveyed by the deed;

(d)     the Warranty Deed dated September 7, 2001, by and between Peter A. Breen, Individually and as Successor Trustee of the Breen Family Trust, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, recorded in the Records of San Augustine County, Texas in Volume 24, Page 28, and admitted in evidence as Plaintiffs' Exhibit 7, is ambiguous, and is hereby construed to convey to its Grantees any and all oil,

gas, and other minerals owned by its Grantor with respect to the property conveyed by the deed;

(e) the Warranty Deed dated September 7, 2001, by and between Susan E. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, recorded in the Records of San Augustine County, Texas in Volume 24, Page 31, and admitted in evidence as Plaintiffs' Exhibit 8, is ambiguous, and is hereby construed to convey to its Grantees any and all oil, gas, and other minerals owned by its Grantor with respect to the property conveyed by the deed;

(f) the Warranty Deed dated September 7, 2001, by and between Terence J. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, recorded in the Records of San Augustine County, Texas in Volume 24, Page 34, and admitted in evidence as Plaintiffs' Exhibit 8A, is ambiguous, and is hereby construed to convey to its Grantees any and all oil, gas, and other minerals owned by its Grantor with respect to the property conveyed by the deed;

(g) the Warranty Deed dated September 7, 2001, by and between Janet M. Breen Sutro, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, recorded in the Records of San Augustine County, Texas in Volume 24, Page 37, and admitted in evidence as Plaintiffs' Exhibit 9, is ambiguous, and is hereby construed to convey to its Grantees any and all oil, gas, and other minerals owned by its Grantor with respect to the property conveyed by the deed;

(h) for purposes of this cause, the Deed dated May 22, 1971, by and between E.G. Prud'homme, Sr. and wife, Mary Anderson Young Prud'homme, as Grantors, and Eck. G. Prud'homme, Jr., Eleanor Prud'homme Breen, John Thomas Prud'homme, Joseph

Gilbert Prud'homme, and Joseph Lynn Prud'homme DBA the E.G. and M.A. Prud'homme Beneficiaries Partnership, as Grantees, recorded in the Records of San Augustine County, Texas in Volume 166, Page 239, and admitted in evidence as Plaintiffs' Exhibit 3, is the common source of title for the property described in Exhibit A to this Judgment. At the time of this Deed, E.G. Prud'homme, Sr. and wife, Mary Anderson Young Prud'homme owned an undivided fifty percent (50%) interest in the oil, gas, and other minerals in and to the property described in Exhibit A to this Judgment;

(i) as a result of the findings and conclusions set out above, the deeds referenced above and admitted in evidence as Plaintiffs' Exhibits 5, 6, 7, 8, 8A, and 9 conveyed to Plaintiffs ten percent (10%) of the oil, gas, and other minerals in and to the Property described in Exhibit A to this Judgment that the Defendants owned as of September 7, 2001.

IT IS THEREFORE ORDERED that the Plaintiffs recover from the Defendants title to and possession of an undivided five percent (5%) interest in and to the oil, gas, and other minerals in and under the property described in Exhibit A to this Judgment, and have a writ of possession.

IT IS FURTHER ORDERED that the Defendants recover from the Plaintiffs title to and possession of an undivided forty-five percent (45%) interest in and to the oil, gas, and other minerals in and under the property described in Exhibit A to this Judgment, and have a writ of possession.

All costs of court spent or incurred in this cause are adjudged against the party incurring same.

**JUDGMENT**                                                                 **PAGE 4**

All writs and processes for the enforcement and collection of this Judgment may issue as necessary.

All relief requested in this cause and not expressly granted is denied. This judgment finally disposes of all parties and claims and is appealable.

SIGNED ON _____ 3|9 _____, 2015.

The Honorable Craig M. Mixson
District Judge Presiding

**EXHIBIT A: PROPERTY DESCRIPTION**

BEING a survey of 126.632 acres of land and being all of a called 115-1/2 acre tract recorded in Vol. 105, Page No. 20, Deed Records of San Augustine County, Texas, and being a part of the J. S. COLLINS PRE-EMPTION SURVEY, A-445, and being located approximately 15 miles SW of the courthouse in San Augustine, Texas, and being more particularly described by metes and bounds, to-wit:

BEGINNING: At the NW corner of said 115-1/2 acre tract being the NE corner of a 72.00 acre tract now owned by W. L. Brown recorded in Vol. 133, Page No. 468, a 3/8" Reinf. Rod for corner in the NWBL of said J. S. Collins Survey from which a 13" Sweetgum found marked "X" brs. N. 11 1/4' W, 10.6 feet and a 9" Pine found marked "X" brs. N 38-1/4' E, 18.7 feet and a 10" Sweetgum found marked "X" brs. S 43 E, 24.00 feet;

THENCE: N 59° 09' 25" E, along the NBL of said 115-1/2 acre tract and the SBL of a tract now owned by Kirby Lumber Co. and a well marked line, 1364.63 feet a 3/8" Reinf. Rod for corner from which a 14" Post Oak found marked "X" brs. N 48 E, 8.9 feet;

THENCE: N 73° 43' 08" E, along a well marked line to a Pine knot found set for corner, a distance of 59.57 feet from which a 12" Sweetgum found marked "X" brs. S 81 W, 11.3 feet;

THENCE: N 68° 31' 17" E, along said well marked line to a Pine knot found set for corner, a distance of 161.11 feet from which a 24" Post Oak found marked "X" brs. N. 69-1/4' E, 22.5 feet;

THENCE: N 72° 18' 18" E, along said well marked line, to a Pine knot found set for corner, a distance of 110.1 feet from which a 14" Post Oak found marked "X" brs. S 81-1/4' W, 15.5 feet;

THENCE: N 65° 59' 25" E, along said well marked line, 177.64 feet a 3/8" Reinf. Rod for corner from which a 18" Pine found marked "X" brs. N 32-3/4' E, 5.7 feet and a 16" Pine found marked "X" brs. N 62-1/4' W, 16.00 feet;

THENCE: S 88° 05' 47" E, along said well marked line to a Pine knot found set for corner, a distance of 273.35 feet from which a 14" Blackgum found marked "X" brs. N 58-1/2' W, 15.2 feet;

THENCE: S 49° 38' 48" E, along said well marked line to a Pine knot found set for corner, a distance of 194.30 feet a 14" Sweet Bay found marked "X" brs. S 25 E, 25.7 feet;

THENCE: S 8° 06' 20" E, along said well marked line to a Pine knot found set for corner, a distance of 363.00 feet from which a 36" Pen Oak found marked "X" brs. N 33-1/2' W, 1.5 feet and a 18" Pen

Oak found marked "X" brs. S 46 E, 18.3 feet;

THENCE: S 19° 29' 42" E, along said well marked line to a Pine knot found set for corner, a distance of 190.97 feet a 14" Pen Oak marked "X" brs. S. 79-1/2' W, 10.2 feet and a 6" Blackgum marked "X" brs. S 67 E, 8.7';

THENCE: S 18° 30' 35" W, along said well marked line, 114.09 feet a 3/8" Reinf. Rod for corner from which a 12" Blackgum found marked "X" brs. N 74-1/2' E, 4.6 feet;

THENCE: S 30° 55' 58" E, along said well marked line, 226.66 feet a 3/8" Reinf. Rod for corner from which a 30" Pine marked "X" brs. N 22-1/4' W, 6.8 feet and a 12" Pine marked "X" brs. S 36 W, 26.00 feet;

THENCE: S 30° 11' 35" W, along said well marked line, 367.44 feet a 3/8" Reinf. Rod for corner from which a 15" Sweetgum found marked "X" brs. S 58 W, 10.00 feet;

THENCE: S 2° 09' 56" E, along said well marked line to a Pine knot found set for corner, a distance of 194.51 feet from which a 8" Sweetgum found marked "X" brs. S 82 E, 12.1 feet;

THENCE: S 9° 14' 18" E, along said well marked line to a Pine knot found set for corner, a distance of 230.23 feet from which a 14" Post Oak found marked "X" brs. S 46-1/2' E, 5.5 feet and a 12" Pen Oak found marked "X" brs. 45-1/2' W, 5.9 feet;

THENCE: S 55° 52' 00" E, along said well marked line, 122.59 feet;

THENCE: S 39° 57' 49" E, along said well marked line, 298.43 feet a 3/8" Reinf. Rod for corner from which a 24" Pine found marked "X" brs. N 56 E, 18.2 feet;

THENCE: S 3° 51' 54" W, along said well marked line to a Pine knot found set for corner, a distance of 382.75 feet from which a 10" Pine marked "X" brs. S 33 W, 11.5 feet;

THENCE: S 31° 52' 54" E, along said well marked line to the SE corner of said 115-1/2 acre tract, a distance of 217.09 feet a Mulberry stake found set for corner from which a 24" Blackgum found marked "X" brs. S 58-1/2' W, 12.5 feet and a 12" Beech found marked "X" brs. N 41 E, 9.5 feet;

THENCE: S 59° 12' 38" W, along the SBL of said 115-1/2 acre tract and the SBL of said J. S. Collins Survey and the NBL of M. B. Griffith Survey, A-19 to the SW corner of said 115-1/2 acre tract being the SE corner of said W. L. Brown 72 acre tract, a distance of 1472.82 feet a flanged top axle found set for corner from which a 10" Black Jack found marked "X" brs. S 20 W, 33.1 feet and a 9" Pine stump brs. N 70 W, 36.5 feet;

THENCE: N 47° 58' 00" W, along a WBL of said 115-1/2 acre tract and a EBL of said W. L. Brown 72 acre tract, 1212.50 feet a iron pipe found set for corner from which a 8" Hackberry found marked "X" brs. S 81-1/2' E, 84.6 feet;

THENCE: N 11° 37' W, along a WBL of said 115-1/2 acre tract and a EBL of said W. L. Brown 72 acre tract, 1675.60 feet to the PLACE OF BEGINNING, containing 126.632 acres of land.

**JUDGMENT**                                                              **PAGE 7**

# Apx. B

| | | |
|---|---|---|
| WALTER BOUNDS and wife,<br>CAROLYN B. BOUNDS,<br>    Plaintiffs, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | |
| JOHN THOMAS PRUD'HOMME,<br>JOSEPH GILBERT PRUD'HOMME,<br>JOSEPH LYNN PRUD'HOMME,<br>PETER A. BREEN, Individually and as<br>Successor Trustee of the BREEN FAMILY<br>TRUST, JANET M. SUTRO, SUSAN E.<br>BREEN, and TERRANCE E. BREEN,<br>Individually and d/b/a E.G. AND M.A.<br>PRUD'HOMME BENEFICIARIES<br>PARTNERSHIP,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SAN AUGUSTINE COUNTY,<br>TEXAS<br><br><br><br><br><br>1st JUDICIAL DISTRICT |

**FILED**

AT 1:15 O'CLOCK PM
5-8 20 15
JEAN STEPTOE District Clerk
SAN AUGUSTINE, TEXAS
BY _____

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On February 25, 2015, this cause came on for trial before the Court without a jury.

Walter Bounds and wife, Carolyn Bounds, Plaintiffs, appeared in person and by attorney of record and announced ready for trial, and John Thomas Prud'homme, Joseph Gilbert Prud'homme, Joseph Lynn Prud'homme, Peter A. Breen, Individually and as Successor Trustee of the Breen Family Trust, Janet M. Sutro, Susan E. Breen, and Terrance E. Breen, Individually and d/b/a/ E.G. and M.A. Prud'homme Beneficiaries Partnership, Defendants, appeared in person and by attorney of record and announced ready for trial. After considering the pleadings, the evidence, the argument and briefs from counsel, the Court, in response to a request from Plaintiffs, makes its findings of fact and conclusions of law as follows:

# FINDINGS OF FACT

1. Immediately prior to May 22, 1971, E.G. Prud'homme, Sr. and wife, Mary Anderson Prud'homme, owned 100% of the surface estate, and an undivided 50% of the mineral estate, with respect to the 126.632 acres of land in San Augustine County, Texas, described in more detail in Exhibit A to the Judgment in this case and to these Findings of Fact and Conclusions of Law.

2. The property described in the attached Exhibit A will hereafter be referred to as the "126 acres."

3. By way of a Deed dated May 22, 1971, E.G. Prud'homme, Sr. and wife, Mary Anderson Prud'homme, conveyed 100% of their surface interest and 50% of their mineral interest in the 126 acres to Eck G. Prud'homme, Jr., Eleanor Prud'homme Breen, John Thomas Prud'homme, Joseph Gilbert Prud'homme, and Joseph Lynn Prud'homme DBA the E.G. and M.A. Prud'homme Beneficiaries Partnership.

4. By way of the 1971 Deed described in FF 3, E.G. Prud'homme, Sr. and Mary Anderson Prud'homme reserved to themselves one half of the minerals they owned in and under the 126 acres.

5. The 1971 deed described in FF 3 was admitted in evidence at trial as Plaintiffs' Exhibit 3.

6. E.G. Prud'homme, Sr. died in 1981.

7. When E.G. Prud'homme, Sr. died, his interest in the minerals reserved from the 1971 conveyance of the 126 acres to the E.G. and M.A. Prud'homme Beneficiaries Partnership passed one-half to Mary Anderson Prud'homme, and one-half to the Trustees of the E.G. and M.A. Prud'homme Trust Fund.

8. Mary Anderson Prud'homme died on May 5, 1988.

9. When Mary Anderson Prud'homme died, her interest in the minerals reserved from the 1971 conveyance of the 126 acres to the E.G. and M.A. Prud'homme Beneficiaries Partnership passed to the Trustees of the E.G. and M.A. Prud'homme Trust Fund.

10. The E.G. and M.A. Prud'homme Trust Fund was established by a Trust Agreement dated October 14, 1966.

11. The E.G. and M.A. Prud'homme Beneficiaries Partnership is a Texas General Mercantile Partnership created as of the last day of January, 1971.

12. On or about July 4, 2001, The E.G. and M.A. Prud'homme Beneficiaries Partnership entered into a contract to sell its interest in the 126 acres to Walter and Carolyn Bounds.

13. Walter and Carolyn Bounds were represented by counsel, Mr. John Griffin, with respect to their purchase of the 126 acres from the E.G. and M.A. Prud'homme Beneficiaries Partnership.

14. John Griffin prepared a Warranty Deed, dated September 7, 2001, by and between Eck. G. Prud'homme, Jr., Al Joseph Breen, John Thomas Prud'homme, Joseph Gilbert Prud'homme, and Joseph Lynn Prud'homme, d/b/a E.G. and M.A. Prud'homme Beneficiaries Partnership, as Grantors, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees.

15. The Warranty Deed dated September 7, 2001, by and between Eck. G. Prud'homme, Jr., Al Joseph Breen, John Thomas Prud'homme, Joseph Gilbert Prud'homme, and Joseph Lynn Prud'homme, d/b/a E.G. and M.A. Prud'homme

Beneficiaries Partnership, as Grantors, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees was admitted in evidence as Plaintiff's Exhibit 5.

16. The Warranty Deed dated September 7, 2001, by and between Eck. G. Prud'homme, Jr., Al Joseph Breen, John Thomas Prud'homme, Joseph Gilbert Prud'homme, and Joseph Lynn Prud'homme, d/b/a E.G. and M.A. Prud'homme Beneficiaries Partnership, as Grantors, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, was executed by its Grantors on September 8, 2001 and on September 12, 2001.

17. The Warranty Deed dated September 7, 2001, by and between Eck. G. Prud'homme, Jr., Al Joseph Breen, John Thomas Prud'homme, Joseph Gilbert Prud'homme, and Joseph Lynn Prud'homme, d/b/a E.G. and M.A. Prud'homme Beneficiaries Partnership, as Grantors, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees was recorded in the Records of San Augustine County, Texas in Volume 24, Page 20.

18. Gilbert Prud'homme has at all times served as the Managing Partner of the E.G. and M.A. Prud'homme Beneficiaries Partnership.

19. At the time Gilbert Prud'homme executed the Warranty Deed dated September 7, 2001, by and between Eck. G. Prud'homme, Jr., Al Joseph Breen, John Thomas Prud'homme, Joseph Gilbert Prud'homme, and Joseph Lynn Prud'homme, d/b/a E.G. and M.A. Prud'homme Beneficiaries Partnership, as Grantors, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, he understood that it reserved the minerals in and under the 126 acres to its grantors.

20. John Griffin prepared a warranty deed dated September 7, 2001, by and between Hal Joseph Breen, a single person, Individually and as Trustee of the Breen

Family Trust and Personal Representative under the Last Will of Eleanor P. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees.

21. Hal Joseph Breen executed the Warranty Deed dated September 7, 2001, by and between Hal Joseph Breen, a single person, Individually and as Trustee of the Breen Family Trust and Personal Representative under the Last Will of Eleanor P. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees on October 9, 2001.

22. The Warranty Deed dated September 7, 2001, by and between Hal Joseph Breen, a single person, Individually and as Trustee of the Breen Family Trust and Personal Representative under the Last Will of Eleanor P. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, was recorded in the Records of San Augustine County, Texas in Volume 24, Page 25, and admitted in evidence as Plaintiffs' Exhibit 6.

23. John Griffin prepared the Warranty Deed dated September 7, 2001, by and between Peter A. Breen, Individually and as Successor Trustee of the Breen Family Trust, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees.

24. Peter A. Breen executed the Warranty Deed dated September 7, 2001, by and between Peter A. Breen, Individually and as Successor Trustee of the Breen Family Trust, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees on October 9, 2001.

25. The Warranty Deed dated September 7, 2001, by and between Peter A. Breen, Individually and as Successor Trustee of the Breen Family Trust, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, was recorded in the Records of San Augustine County, Texas in Volume 24, Page 28, and admitted in evidence as Plaintiffs' Exhibit 7.

26.     John Griffin prepared the Warranty Deed dated September 7, 2001, by and between Susan E. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees.

27.     Susan E. Breen executed the Warranty Deed dated September 7, 2001, by and between Susan E. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees on October 5, 2001.

28.     The Warranty Deed dated September 7, 2001, by and between Susan E. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, was recorded in the Records of San Augustine County, Texas in Volume 24, Page 31, and admitted in evidence as Plaintiffs' Exhibit 8.

29.     John Griffin prepared the Warranty Deed dated September 7, 2001, by and between Terence J. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees.

30.     Terence J. Breen executed the Warranty Deed dated September 7, 2001, by and between Terence J. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees on October 17, 2001.

31.     The Warranty Deed dated September 7, 2001, by and between Terence J. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, was recorded in the Records of San Augustine County, Texas in Volume 24, Page 34, and admitted in evidence as Plaintiffs' Exhibit 8A.

32.     John Griffin prepared the Warranty Deed dated September 7, 2001, by and between Janet M. Breen Sutro, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees.

33.     Janet M. Breen Sutro executed the Warranty Deed dated September 7, 2001, by and between Janet M. Breen Sutro, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees on October 9, 2001.

34.     The Warranty Deed dated September 7, 2001, by and between Janet M. Breen Sutro, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, recorded in the Records of San Augustine County, Texas in Volume 24, Page 37, and admitted in evidence as Plaintiffs' Exhibit 9.

35.     On November 5, 2001, a title insurance policy was issued, in favor of Walter and Carolyn Bounds, with respect to the 126 acres.

36.     The title insurance policy, described in FF 35, above, references "Mineral Reservation as set forth in multiple Warranty Deeds from Eck G. Prud'homme, et al, to Walter Bounds and wife, Carolyn Bounds, all dated September 7, 2001, and recorded in the Real Property Records of San Augustine County, Texas, as follows: Vol. 24, Page 20; Vol. 24, Page 25; Vol. 24, Page 28; Vol. 24, Page 31; Vol. 24, Page 34; and Vol. 24, Page 37."

37.     The title insurance policy, described in FF 35, above, was provided to Plaintiffs and their lawyer at or near the time of its issuance in November, 2001.

38.     Plaintiff Walter Bounds, who owns and operates an insurance agency, reviewed the title insurance policy, described in FF 35, above, at the time it was issued.

39.     Effective April 29, 2008, Elite Landworks Association entered into a series of oil and gas leases for the 126 acres with the various Prud'homme/Breen parties who had been the grantors of the 2001 deeds described above and admitted in evidence as Plaintiffs' Exhibits 5, 6, 7, 8, 8A, and 9.

40. By various assignments, XTO Energy acquired Elite Landworks Association's leasehold interest in the 126 acres.

41. The 2001 deeds executed in October, 2001 (i.e. Plaintiffs' Exhibits 6, 7, 8, 8A, and 9) contain a sentence in the property description not found in the first deed (Plaintiffs' Exhibit 5), executed in September 2001: "This deed is intended to convey all of Grantor's interest in and to the above-described real property."

42. The parties intended that these October-executed deeds (Plaintiffs' Exhibits 6, 7, 8, 8A, and 9) should not reserve the minerals to their grantors.

43. Plaintiffs Walter and Carolyn Bounds believed that, when they acquired the 126 acres from the Defendants in 2001, they were acquiring whatever mineral interest the Defendants owned with respect to the 126 acres.

44. Defendants believed that, when they conveyed the 126 acres to the Plaintiffs in 2001, they were reserving whatever mineral interest the Defendants owned with respect to the 126 acres.

45. Plaintiffs and Defendants did not have identical intent and understanding of the terms to be embodied in the 2001 deeds (Plaintiffs' Exhibits 5, 6, 7, 8, 8A, and 9) at the time those deeds were executed.

46. Plaintiffs Walter and Carolyn Bounds did not exercise reasonable diligence with respect to their review of the 2001 deeds (Plaintiffs' Exhibits 5, 6, 7, 8, 8A, and 9) by which they acquired their interest in the 126 acres.

47. To the extent Plaintiffs believed that the 2001 deeds (Plaintiffs' Exhibits 5, 6, 7, 8, 8A, and 9) should have conveyed the minerals to the Plaintiffs, they were on notice

that the 2001 deeds (Plaintiffs' Exhibits 5, 6, 7, 8, 8A, and 9) did not do so, or were ambiguous, at the time the deeds were executed.

48. To the extent Plaintiffs believed that the 2001 deeds (Plaintiffs' Exhibits 5, 6, 7, 8, 8A, and 9) should have conveyed the minerals to the Plaintiffs, they were on notice that the 2001 deeds (Plaintiffs' Exhibits 5, 6, 7, 8, 8A, and 9) did not do so, or were ambiguous, no later than early November, 2001, when they received the title insurance policy.

49. Plaintiffs filed this lawsuit on October 8, 2013.

## CONCLUSIONS OF LAW

1. The Warranty Deed dated September 7, 2001, by and between Eck. G. Prud'homme, Jr., Al Joseph Breen, John Thomas Prud'homme, Joseph Gilbert Prud'homme, and Joseph Lynn Prud'homme, d/b/a E.G. and M.A. Prud'homme Beneficiaries Partnership, as Grantors, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, recorded in the Records of San Augustine County, Texas in Volume 24, Page 20, and admitted in evidence as Plaintiffs' Exhibit 5, is not ambiguous.

2. The Warranty Deed dated September 7, 2001, by and between Eck. G. Prud'homme, Jr., Al Joseph Breen, John Thomas Prud'homme, Joseph Gilbert Prud'homme, and Joseph Lynn Prud'homme, d/b/a E.G. and M.A. Prud'homme Beneficiaries Partnership, as Grantors, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, recorded in the Records of San Augustine County, Texas in Volume 24, Page 20, and admitted in evidence as Plaintiffs' Exhibit 5, is construed to reserve to its Grantors any and all oil, gas, and other minerals owned by its Grantors with respect to the property conveyed by the deed.

3. Plaintiffs' cause of action for reformation is barred by the statute of limitations, as it was not brought within four years of the date it accrued.

4. As a matter of law, Plaintiffs' cause of action for reformation accrued at the time the 2001 deeds (Plaintiffs' Exhibits 5, 6, 7, 8, 8A, and 9) were executed, as the deeds were duly recorded and in Plaintiff's chain of title.

5. Plaintiffs' cause of action for reformation could have accrued no later than early November, 2001, as at that time Plaintiffs knew, or in the exercise of reasonable diligence should have known, that the deeds did not convey the minerals to them, or were ambiguous.

6. Even if Plaintiffs' cause of action for reformation was not barred by limitations, Plaintiffs would still not be entitled to reformation, as they did not prove by clear, exact, and satisfactory evidence that that deeds' inclusion of language of mineral reservation was the result of a mutual mistake.

7. The Warranty Deed dated September 7, 2001, by and between Hal Joseph Breen, a single person, Individually and as Trustee of the Breen Family Trust and Personal Representative under the Last Will of Eleanor P. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, recorded in the Records of San Augustine County, Texas in Volume 24, Page 25, and admitted in evidence as Plaintiffs' Exhibit 6, is ambiguous, and is construed to convey to its Grantees any and all oil, gas, and other minerals owned by its Grantor with respect to the property conveyed by the deed.

8. The Warranty Deed dated September 7, 2001, by and between Peter A. Breen, Individually and as Successor Trustee of the Breen Family Trust, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, recorded in the Records of San

Augustine County, Texas in Volume 24, Page 28, and admitted in evidence as Plaintiffs' Exhibit 7, is ambiguous, and is hereby construed to convey to its Grantees any and all oil, gas, and other minerals owned by its Grantor with respect to the property conveyed by the deed.

9. The Warranty Deed dated September 7, 2001, by and between Susan E. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, recorded in the Records of San Augustine County, Texas in Volume 24, Page 31, and admitted in evidence as Plaintiffs' Exhibit 8, is ambiguous, and is construed to convey to its Grantees any and all oil, gas, and other minerals owned by its Grantor with respect to the property conveyed by the deed.

10. The Warranty Deed dated September 7, 2001, by and between Terence J. Breen, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, recorded in the Records of San Augustine County, Texas in Volume 24, Page 34, and admitted in evidence as Plaintiffs' Exhibit 8A, is ambiguous, and is construed to convey to its Grantees any and all oil, gas, and other minerals owned by its Grantor with respect to the property conveyed by the deed.

11. the Warranty Deed dated September 7, 2001, by and between Janet M. Breen Sutro, as Grantor, and Walter Bounds and wife, Carolyn B. Bounds, as Grantees, recorded in the Records of San Augustine County, Texas in Volume 24, Page 37, and admitted in evidence as Plaintiffs' Exhibit 9, is ambiguous, and is construed to convey to its Grantees any and all oil, gas, and other minerals owned by its Grantor with respect to the property conveyed by the deed.

12.     For purposes of this cause, the Deed dated May 22, 1971, by and between E.G. Prud'homme, Sr. and wife, Mary Anderson Young Prud'homme, as Grantors, and Eck. G. Prud'homme, Jr., Eleanor Prud'homme Breen, John Thomas Prud'homme, Joseph Gilbert Prud'homme, and Joseph Lynn Prud'homme DBA the E.G. and M.A. Prud'homme Beneficiaries Partnership, as Grantees, recorded in the Records of San Augustine County, Texas in Volume 166, Page 239, and admitted in evidence as Plaintiffs' Exhibit 3, is the common source of title for the 126 acres.  At the time of this Deed, E.G. Prud'homme, Sr. and wife, Mary Anderson Young Prud'homme owned an undivided fifty percent (50%) interest in the oil, gas, and other minerals in and to the 126 acres.

13.     As a result of the findings and conclusions set out above, the deeds referenced above and admitted in evidence as Plaintiffs' Exhibits 5, 6, 7, 8, 8A, and 9 conveyed to Plaintiffs ten percent (10%) of the oil, gas, and other minerals in and to the 126 acres that the Defendants owned as of September 7, 2001.

14.     Since the Defendants owned 50% of the oil, gas, and other minerals in and to the 126 acres as of September 7, 2001, as a result of the deeds referenced above and admitted in evidence as Plaintiffs' Exhibits 5, 6, 7, 8, 8A, and 9, Plaintiffs acquired an undivided five percent (5%) interest in the oil, gas, and other minerals in and to the 126 acres, and Defendants reserved an undivided forty-five percent (45%) interest in the oil, gas, and other minerals in and to the 126 acres.

SIGNED ON _____ 5/6 _____, 2015.


The Honorable Craig M. Mixson
District Judge Presiding

# EXHIBIT A: PROPERTY DESCRIPTION

BEING a survey of 126.632 acres of land and being all of a called 115-1/2 acre tract recorded in Vol. 105, Page No. 20, Deed Records of San Augustine County, Texas, and being a part of the J. S. COLLINS PRE-EMPTION SURVEY, A-445, and being located approximately 15 miles SW of the courthouse in San Augustine, Texas, and being more particularly described by metes and bounds, to-wit:

BEGINNING: At the NW corner of said 115-1/2 acre tract being the NE corner of a 72.00 acre tract now owned by W. L. Brown recorded in Vol. 133, Page No. 468, a 3/8" Reinf. Rod for corner in the NWBL of said J. S. Collins Survey from which a 13" Sweetgum found marked "X" brs. N. 11 1/4' W, 10.6 feet and a 9" Pine found marked "X" brs. N 38-1/4' E, 18.7 feet and a 10" Sweetgum found marked "X" brs. S 43 E, 24.00 feet;

THENCE: N 59° 09' 25" E, along the NBL of said 115-1/2 acre tract and the SBL of a tract now owned by Kirby Lumber Co. and a well marked line, 1364.63 feet a 3/8" Reinf. Rod for corner from which a 14" Post Oak found marked "X" brs. N 48 E, 8.9 feet;

THENCE: N 73° 43' 08" E, along a well marked line to a Pine knot found set for corner, a distance of 59.57 feet from which a 12" Sweetgum found marked "X" brs. S 81 W, 11.3 feet;

THENCE: N 68° 31' 17" E, along said well marked line to a Pine knot found set for corner, a distance of 161.11 feet from which a 24" Post Oak found marked "X" brs. N. 69-1/4' E, 22.5 feet;

THENCE: N 72° 18' 18" E, along said well marked line, to a Pine knot found set for corner, a distance of 110.1 feet from which a 14" Post Oak found marked "X" brs. S 81-1/4' W, 15.5 feet;

THENCE: N 65° 59' 25" E, along said well marked line, 177.64 feet a 3/8" Reinf. Rod for corner from which a 18" Pine found marked "X" brs. N 32-3/4' E, 5.7 feet and a 16" Pine found marked "X" brs. N 62-1/4' W, 16.00 feet;

THENCE: S 88° 05' 47" E, along said well marked line to a Pine knot found set for corner, a distance of 273.35 feet from which a 14" Blackgum found marked "X" brs. N 58-1/2' W, 15.2 feet;

THENCE: S 49° 38' 48" E, along said well marked line to a Pine knot found set for corner, a distance of 194.30 feet a 14" Sweet Bay found marked "X" brs. S 25 E, 25.7 feet;

THENCE: S 8° 06' 20" E, along said well marked line to a Pine knot found set for corner, a distance of 363.00 feet from which a 36" Pen Oak found marked "X" brs. N 33-1/2' W, 1.5 feet and a 18" Pen

Oak found marked "X" brs. S 46 E, 18.3 feet;

THENCE: S 19° 29' 42" E, along said well marked line to a Pine knot found set for corner, a distance of 190.97 feet a 14" Pen Oak marked "X" brs. S. 79-1/2' W, 10.2 feet and a 6" Blackgum marked "X" brs. S 67 E, 8.7';

THENCE: S 18° 30' 35" W, along said well marked line, 114.09 feet a 3/8" Reinf. Rod for corner from which a 12" Blackgum found marked "X" brs. N 74-1/2' E, 4.6 feet;

THENCE: S 30° 55' 58" E, along said well marked line, 226.66 feet a 3/8" Reinf. Rod for corner from which a 30" Pine marked "X" brs. N 22-1/4' W, 6.8 feet and a 12" Pine marked "X" brs. S 36 W, 26.00 feet;

THENCE: S 30° 11' 35" W, along said well marked line, 367.44 feet a 3/8" Reinf. Rod for corner from which a 15" Sweetgum found marked "X" brs. S 58 W, 10.00 feet;

THENCE: S 2° 09' 56" E, along said well marked line to a Pine knot found set for corner, a distance of 194.51 feet from which a 8" Sweetgum found marked "X" brs. S 82 E, 12.1 feet;

THENCE: S 9° 14' 18" E, along said well marked line to a Pine knot found set for corner, a distance of 230.23 feet from which a 14" Post Oak found marked "X" brs. S 46-1/2' E, 5.5 feet and a 12" Pen Oak found marked "X" brs. 45-1/2' W, 5.9 feet;

THENCE: S 55° 52' 00" E, along said well marked line, 122.59 feet;

THENCE: S 39° 57' 49" E, along said well marked line, 298.43 feet a 3/8" Reinf. Rod for corner from which a 24" Pine found marked "X" brs. N 56 E, 18.2 feet;

THENCE: S 3° 51' 54" W, along said well marked line to a Pine knot found set for corner, a distance of 382.75 feet from which a 10" Pine marked "X" brs. S 33 W, 11.5 feet;

THENCE: S 31° 52' 54" E, along said well marked line to the SE corner of said 115-1/2 acre tract, a distance of 217.09 feet a Mulberry stake found set for corner from which a 24" Blackgum found marked "X" brs. S 58-1/2' W, 12.5 feet and a 12" Beech found marked "X" brs. N 41 E, 9.5 feet;

THENCE: S 59° 12' 38" W, along the SBL of said 115-1/2 acre tract and the SBL of said J. S. Collins Survey and the NBL of M. B. Griffith Survey, A-19 to the SW corner of said 115-1/2 acre tract being the SE corner of said W. L. Brown 72 acre tract, a distance of 1472.82 feet a flanged top axle found set for corner from which a 10" Black Jack found marked "X" brs. S 20 W, 33.1 feet and a 9" Pine stump brs. N 70 W, 36.5 feet;

THENCE: N 47° 58' 00" W, along a WBL of said 115-1/2 acre tract and a EBL of said W. L. Brown 72 acre tract, 1212.50 feet a iron pipe found set for corner from which a 8" Hackberry found marked "X" brs. S 81-1/2' E, 84.6 feet;

THENCE: N 11° 37' W, along a WBL of said 115-1/2 acre tract and a EBL of said W. L. Brown 72 acre tract, 1675.60 feet to the PLACE OF BEGINNING, containing 126.632 acres of land.

# Apx. C

FILE NO. 4689
FILED 5th DAY OF Nov. 01
AT 2:05 O'CLOCK P M.
DIANA KOVAR, COUNTY CLERK
SAN AUGUSTINE CO., TEXAS
BY Carolyn L. Marshall DEPUTY

## WARRANTY DEED

**Date:** September 7, 2001.

**Grantor:** Eck G. Prud'homme, Jr., Al Joseph Breen, John Thomas Prud'homme, Joseph Gilbert Prud'homme, and Joseph Lynn Prud'homme, d/b/a E. G. and M. A. Prud'homme Beneficiaries Partnership.

**Grantor's Mailing Address** (including county): 1601 Rio Grande St., Suite 402, Austin, Travis County, Texas 78701.

**Grantee:** Walter Bounds and wife, Carolyn B. Bounds.

**Grantee's Mailing Address** (including county): 431 King Street, Center, Shelby County, Texas 75935.

**Consideration:** TEN AND NO/100 DOLLARS ($10.00) AND OTHER GOOD AND VALUABLE CONSIDERATION to Grantor paid, cash in hand, by Grantee herein, receipt of which is hereby acknowledged.

**Property** (including any improvements):

BEING a survey of 126.632 acres of land and being all of a called 115-1/2 acre tract recorded in Vol. 105, Page No. 20, Deed Records of San Augustine County, Texas, and being a part of the J. S. COLLINS PRE-EMPTION SURVEY, A-445, and being located approximately 15 miles SW of the courthouse in San Augustine, Texas, and being more particularly described by metes and bounds, to-wit:

BEGINNING: At the NW corner of said 115-1/2 acre tract being the NE corner of a 72.00 acre tract now owned by W. L. Brown recorded in Vol. 133, Page No. 468, a 3/8" Reinf. Rod for corner in the NWBL of said J. S. Collins Survey from which a 13" Sweetgum found marked "X" brs. N. 11 1/4' W, 10.6 feet and a 9" Pine found marked "X" brs. N 38-1/4' E, 18.7 feet and a 10" Sweetgum found marked "X" brs. S 43 E, 24.00 feet;

THENCE: N 59° 09' 25" E, along the NBL of said 115-1/2 acre tract and the SBL of a tract now owned by Kirby Lumber Co. and a well marked line, 1364.63 feet a 3/8" Reinf. Rod for corner from which a 14" Post Oak found marked "X" brs. N 48 E, 8.9 feet;

THENCE: N 73° 43' 08" E, along a well marked line to a Pine knot found set for corner, a distance of 59.57 feet from which a 12" Sweetgum found marked "X" brs. S 81 W, 11.3 feet;

THENCE: N 68° 31' 17" E, along said well marked line to a Pine knot found set for corner, a distance of 161.11 feet from which a 24" Post Oak found marked "X" brs. N. 69-1/4' E, 22.5 feet;

THENCE: N 72° 18' 18" E, along said well marked line, to a Pine knot found set for corner, a distance of 110.1 feet from which a 14" Post Oak found marked "X" brs. S 81-1/4' W, 15.5 feet;

THENCE: N 65° 59' 25" E, along said well marked line, 177.64 feet a 3/8" Reinf. Rod for corner from which a 18" Pine found marked "X" brs. N 32-3/4' E, 5.7 feet and a 16" Pine found marked "X" brs. N 62-1/4' W, 16.00 feet;

THENCE: S 88° 05' 47" E, along said well marked line to a Pine knot found set for corner, a distance of 273.35 feet from which a 14" Blackgum found marked "X" brs. N 58-1/2' W, 15.2 feet;

THENCE: S 49° 38' 48" E, along said well marked line to a Pine knot found set for corner, a distance of 194.30 feet a 14" Sweet Bay found marked "X" brs. S 25 E, 25.7 feet;

THENCE: S 8° 06' 20" E, along said well marked line to a Pine knot found set for corner, a distance of 363.00 feet from which a 36" Pen Oak found marked "X" brs. N 33-1/2' W, 1.5 feet and a 18" Pen

CERTIFIED COPY
Page 1 of 5 pages

Margo Noble, County Clerk
San Augustine, County, Texas
By: _____, Deputy

PLAINTIFF'S
EXHIBIT
5
2-25-15

Oak found marked "X" brs. S 46 E, 18.3 feet;

THENCE: S 19° 29' 42" E, along said well marked line to a Pine knot found set for corner, a distance of 190.97 feet a 14" Pen Oak marked "X" brs. S. 79-1/2' W, 10.2 feet and a 6" Blackgum marked "X" brs. S 67 E, 8.7';

THENCE: S 18° 30' 35" W, along said well marked line, 114.09 feet a 3/8" Reinf. Rod for corner from which a 12" Blackgum found marked "X" brs. N 74-1/2' E, 4.6 feet;

THENCE: S 30° 55' 58" E, along said well marked line, 226.66 feet a 3/8" Reinf. Rod for corner from which a 30" Pine marked "X" brs. N 22-1/4' W, 6.8 feet and a 12" Pine marked "X" brs. S 36 W, 26.00 feet;

THENCE: S 30° 11' 35" W, along said well marked line, 367.44 feet a 3/8" Reinf. Rod for corner from which a 15" Sweetgum found marked "X" brs. S 58 W, 10.00 feet;

THENCE: S 2° 09' 56" E, along said well marked line to a Pine knot found set for corner, a distance of 194.51 feet from which a 8" Sweetgum found marked "X" brs. S 82 E, 12.1 feet;

THENCE: S 9° 14' 18" E, along said well marked line to a Pine knot found set for corner, a distance of 230.23 feet from which a 14" Post Oak found marked "X" brs. S 46-1/2' E, 5.5 feet and a 12" Pen Oak found marked "X" brs. 45-1/2' W, 5.9 feet;

THENCE: S 55° 52' 00" E, along said well marked line, 122.59 feet;

THENCE: S 39° 57' 49" E, along said well marked line, 298.43 feet a 3/8" Reinf. Rod for corner from which a 24" Pine found marked "X" brs. N 56 E, 18.2 feet;

THENCE: S 3° 51' 54" W, along said well marked line to a Pine knot found set for corner, a distance of 382.75 feet from which a 10" Pine marked "X" brs. S 33 W, 11.5 feet;

THENCE: S 31° 52' 54" E, along said well marked line to the SE corner of said 115-1/2 acre tract, a distance of 217.09 feet a Mulberry stake found set for corner from which a 24" Blackgum found marked "X" brs. S 58-1/2' W, 12.5 feet and a 12" Beech found marked "X" brs. N 41 E, 9.5 feet;

THENCE: S 59° 12' 38" W, along the SBL of said 115-1/2 acre tract and the SBL of said J. S. Collins Survey and the NBL of M. B. Griffith Survey, A-19 to the SW corner of said 115-1/2 acre tract being the SE corner of said W. L. Brown 72 acre tract, a distance of 1472.82 feet a flanged top axle found set for corner from which a 10" Black Jack found marked "X" brs. S 20 W, 33.1 feet and a 9" Pine stump brs. N 70 W, 36.5 feet;

THENCE: N 47° 58' 00" W, along a WBL of said 115-1/2 acre tract and a EBL of said W. L. Brown 72 acre tract, 1212.50 feet a iron pipe found set for corner from which a 8" Hackberry found marked "X" brs. S 81-1/2' E, 84.6 feet;

THENCE: N 11° 37' W, along a WBL of said 115-1/2 acre tract and a EBL of said W. L. Brown 72 acre tract, 1675.60 feet to the PLACE OF BEGINNING, containing 126.632 acres of land.

**Reservations from and Exceptions to Conveyance and Warranty:** TITLE to any of the oil, gas and other minerals, in, under and that may be produced from the above-described real property, together with all rights, privileges and immunities relating thereto, including the following:

-2-

CERTIFIED COPY
Page 2 of 5 pages

Margo Noble, County Clerk
San Augustine, County, Texas
By: _____, Deputy

i. MINERAL RESERVATION as set forth in instrument from Roy Atkinson to V. R. Harlow, dated November 7, 1934, and recorded in Vol. 74, Page 542, Deed Records of San Augustine County, Texas, reserving one-half (1/2) of the minerals and/or royalty interests, the royalties, bonuses and rentals in connection therewith.

ii. MINERAL RESERVATION as set forth in instrument from E. G. Prud'homme, et ux, to Eck G. Prud'homme, et al, dated May 22, 1971, recorded in Vol. 166, Page 239, Deed Records, San Augustine County, Texas, reserving one-half (1/2) of the minerals and/or royalty interest, the royalties, bonuses and rentals in connection therewith.

Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee, the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

When the context requires, singular nouns and pronouns include the plural.

E. G. AND M. A. PRUD'HOMME
BENEFICIARIES PARTNERSHIP

_____
ECK G. PRUD'HOMME, JR.

_____
HAL JOSEPH BREEN

_____
JOHN THOMAS PRUD'HOMME

_____
JOSEPH GILBERT PRUD'HOMME

_____
JOSEPH LYNN PRUD'HOMME

CERTIFIED COPY
Page 3 of 5 pages

Margo Noble, County Clerk
San Augustine, County, Texas
By: _____, Deputy

-3-

**ACKNOWLEDGMENTS**

STATE OF TEXAS          §
                        §
COUNTY OF TRAVIS        §

    This instrument was acknowledged before me on the $\underline{8}$ day of September, 2001, by ECK G. PRUD'HOMME, JR., d/b/a E. G. and M. A. Prud'homme Beneficiaries Partnership.



NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

_____
Notary's Printed Name

My Commission Expires: _____

STATE OF TEXAS          §
                        §
COUNTY OF TRAVIS        §

    This instrument was acknowledged before me on the $\underline{8}$ day of September, 2001, by AL JOSEPH BREENE, d/b/a E. G. and M. A. Prud'homme Beneficiaries Partnership.



NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

_____
Notary's Printed Name

My Commission Expires: _____

STATE OF TEXAS          §
                        §
COUNTY OF TRAVIS        §

    This instrument was acknowledged before me on the $\underline{8}$ day of September, 2001, by JOHN THOMAS PRUD'HOMME, d/b/a E. G. and M. A. Prud'homme Beneficiaries Partnership.



NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

_____
Notary's Printed Name

My Commission Expires: _____

**CERTIFIED COPY**
Page __4__ of __5__ pages          -4-

Margo Noble, County Clerk
San Augustine, County, Texas
By: _____, Deputy

STATE OF TEXAS       §
                     §
COUNTY OF TRAVIS     §

   This instrument was acknowledged before me on the ⟋⟍ day of September, 2001, by JOSEPH GILBERT PRUD'HOMME, d/b/a E. G. and M. A. Prud'homme Beneficiaries Partnership.

                                     _____
                                     NOTARY PUBLIC IN AND FOR
                                     THE STATE OF TEXAS

                                     Ronald Walleck
                                     Notary's Printed Name

                                     My Commission Expires: 8/25/05


STATE OF TEXAS       §
                     §
COUNTY OF TRAVIS     §

   This instrument was acknowledged before me on the 8 day of September, 2001, by JOSEPH LYNN PRUD'HOMME, d/b/a E. G. and M. A. Prud'homme Beneficiaries Partnership.

                                     _____
                                     NOTARY PUBLIC IN AND FOR
                                     THE STATE OF TEXAS

                                     _____
                                     Notary's Printed Name

                                     My Commission Expires: _____


**AFTER RECORDING RETURN TO:** Griffin Law Offices, 131 Tenaha Street, Center, Texas 75935.

**PREPARED IN THE LAW OFFICE OF:** John D. Griffin.

CERTIFIED COPY

Page 5 of 5 pages

Margo Noble, County Clerk
San Augustine, County, Texas

By: _____ Deputy

-5-

THE STATE OF TEXAS
COUNTY OF SAN AUGUSTINE COUNTY
I, Margo Noble, County Clerk of San Augustine County, Texas do hereby certify that the foregoing is a true and correct copy of the instruments as the same appears of record in my office in Vol. 24 , Page 20-24 , in the records of San Augustin County, Texas.
Witness by Official hand and seal of office this 21st day of Aug , 2013 .



MARGO NOBLE, COUNTY CLERK
SAN AUGUSTINE COUNTY
By: _____ Deputy

# Apx. D

FILE NO ___4690___
FILED __5th__ DAY OF __Nov__, __01__
AT __2:05__ O'CLOCK __P__ M.
DIANA KOVAR, COUNTY CLERK
SAN AUGUSTINE CO., TEXAS
BY __Carolyn L. Marshall__ DEPUTY

SAN AUGUSTINE COUNTY ABSTRACT
File No. ___SA01-135___

## WARRANTY DEED

**Date:** September 7, 2001.

**Grantor:** Hal Joseph Breen, a single person, Individually and as Trustee of the Breen Family Trust and Personal Representative under the Last Will of Eleanor P. Breen.

**Grantor's Mailing Address** (including county): 4545 N. 36th Street, Ste. #108, Phoenix, Maricopa County, Arizona 85018.

**Grantee:** Walter Bounds and wife, Carolyn B. Bounds.

**Grantee's Mailing Address** (including county): 431 King Street, Center, Shelby County, Texas 75935.

**Consideration:** TEN AND NO/100 DOLLARS ($10.00) AND OTHER GOOD AND VALUABLE CONSIDERATION to Grantor paid, cash in hand, by Grantee herein, receipt of which is hereby acknowledged.

**Property** (including any improvements):

BEING a survey of 126.632 acres of land and being all of a called 115-1/2 acre tract recorded in Vol. 105, Page No. 20, Deed Records of San Augustine County, Texas, and being a part of the J. S. COLLINS PRE-EMPTION SURVEY, A-445, and being located approximately 15 miles SW of the courthouse in San Augustine, Texas, and being more particularly described by metes and bounds, to-wit:

BEGINNING: At the NW corner of said 115-1/2 acre tract being the NE corner of a 72.00 acre tract now owned by W. L. Brown recorded in Vol. 133, Page No. 468, a 3/8" Reinf. Rod for corner in the NWBL of said J. S. Collins Survey from which a 13" Sweetgum found marked "X" brs. N. 11 1/4' W, 10.6 feet and a 9" Pine found marked "X" brs. N 38-1/4' E, 18.7 feet and a 10" Sweetgum found marked "X" brs. S 43 E, 24.00 feet;

THENCE: N 59° 09' 25" E, along the NBL of said 115-1/2 acre tract and the SBL of a tract now owned by Kirby Lumber Co. and a well marked line, 1364.63 feet a 3/8" Reinf. Rod for corner from which a 14" Post Oak found marked "X" brs. N 48 E, 8.9 feet;

THENCE: N 73° 43' 08" E, along a well marked line to a Pine knot found set for corner, a distance of 59.57 feet from which a 12" Sweetgum found marked "X" brs. S 81 W, 11.3 feet;

THENCE: N 68° 31' 17" E, along said well marked line to a Pine knot found set for corner, a distance of 161.11 feet from which a 24" Post Oak found marked "X" brs. N. 69-1/4' E, 22.5 feet;

THENCE: N 72° 18' 18" E, along said well marked line, to a Pine knot found set for corner, a distance of 110.1 feet from which a 14" Post Oak found marked "X" brs. S 81-1/4' W, 15.5 feet;

THENCE: N 65° 59' 25" E, along said well marked line, 177.64 feet a 3/8" Reinf. Rod for corner from which a 18" Pine found marked "X" brs. N 32-3/4' E, 5.7 feet and a 16" Pine found marked "X" brs. N 62-1/4' W, 16.00 feet;

THENCE: S 88° 05' 47" E, along said well marked line to a Pine knot found set for corner, a distance of 273.35 feet from which a 14" Blackgum found marked "X" brs. N 58-1/2' W, 15.2 feet;

THENCE: S 49° 38' 48" E, along said well marked line to a Pine knot found set for corner, a distance of 194.30 feet a 14" Sweet Bay found marked "X" brs. S 25 E, 25.7 feet;

THENCE: S 8° 06' 20" E, along said well marked line to a Pine knot found set for corner, a distance of 363.00 feet from which a 36" Pen Oak found marked "X" brs. N 33-1/2' W, 1.5 feet and a 18" Pen

CERTIFIED COPY

Page __1__ of __3__ pages

Margo Noble, County Clerk
San Augustine, County, Texas
By: __Carolyn Smith__, Deputy



PLAINTIFF'S
EXHIBIT
6
2/25/15

Oak found marked "X" brs. S 46 E, 18.3 feet;

THENCE: S 19° 29' 42" E, along said well marked line to a Pine knot found set for corner, a distance of 190.97 feet a 14" Pen Oak marked "X" brs. S. 79-1/2' W, 10.2 feet and a 6" Blackgum marked "X" brs. S 67 E, 8.7';

THENCE: S 18° 30' 35" W, along said well marked line, 114.09 feet a 3/8" Reinf. Rod for corner from which a 12" Blackgum found marked "X" brs. N 74-1/2' E, 4.6 feet;

THENCE: S 30° 55' 58" E, along said well marked line, 226.66 feet a 3/8" Reinf. Rod for corner from which a 30" Pine marked "X" brs. N 22-1/4' W, 6.8 feet and a 12" Pine marked "X" brs. S 36 W, 26.00 feet;

THENCE: S 30° 11' 35" W, along said well marked line, 367.44 feet a 3/8" Reinf. Rod for corner from which a 15" Sweetgum found marked "X" brs. S 58 W, 10.00 feet;

THENCE: S 2° 09' 56" E, along said well marked line to a Pine knot found set for corner, a distance of 194.51 feet from which a 8" Sweetgum found marked "X" brs. S 82 E, 12.1 feet;

THENCE: S 9° 14' 18" E, along said well marked line to a Pine knot found set for corner, a distance of 230.23 feet from which a 14" Post Oak found marked "X" brs. S 46-1/2' E, 5.5 feet and a 12" Pen Oak found marked "X" brs. 45-1/2' W, 5.9 feet;

THENCE: S 55° 52' 00" E, along said well marked line, 122.59 feet;

THENCE: S 39° 57' 49" E, along said well marked line, 298.43 feet a 3/8" Reinf. Rod for corner from which a 24" Pine found marked "X" brs. N 56 E, 18.2 feet;

THENCE: S 3° 51' 54" W, along said well marked line to a Pine knot found set for corner, a distance of 382.75 feet from which a 10" Pine marked "X" brs. S 33 W, 11.5 feet;

THENCE: S 31° 52' 54" E, along said well marked line to the SE corner of said 115-1/2 acre tract, a distance of 217.09 feet a Mulberry stake found set for corner from which a 24" Blackgum found marked "X" brs. S 58-1/2' W, 12.5 feet and a 12" Beech found marked "X" brs. N 41 E, 9.5 feet;

THENCE: S 59° 12' 38" W, along the SBL of said 115-1/2 acre tract and the SBL of said J. S. Collins Survey and the NBL of M. B. Griffith Survey, A-19 to the SW corner of said 115-1/2 acre tract being the SE corner of said W. L. Brown 72 acre tract, a distance of 1472.82 feet a flanged top axle found set for corner from which a 10" Black Jack found marked "X" brs. S 20 W, 33.1 feet and a 9" Pine stump brs. N 70 W, 36.5 feet;

THENCE: N 47° 58' 00" W, along a WBL of said 115-1/2 acre tract and a EBL of said W. L. Brown 72 acre tract, 1212.50 feet a iron pipe found set for corner from which a 8" Hackberry found marked "X" brs. S 81-1/2' E, 84.6 feet;

THENCE: N 11° 37' W, along a WBL of said 115-1/2 acre tract and a EBL of said W. L. Brown 72 acre tract, 1675.60 feet to the PLACE OF BEGINNING, containing 126.632 acres of land.

This Deed is intended to convey all of Grantor's interest in and to the above-described real property.

**Reservations from and Exceptions to Conveyance and Warranty:** TITLE to any of the oil, gas and other minerals, in, under and that may be produced from the above-described real property, together with all rights, privileges and immunities relating thereto, including

the following:

    i. MINERAL RESERVATION as set forth in instrument from Roy Atkinson to V. R. Harlow, dated November 7, 1934, and recorded in Vol. 74, Page 542, Deed Records of San Augustine County, Texas, reserving one-half (1/2) of the minerals and/or royalty interests, the royalties, bonuses and rentals in connection therewith.

    ii. MINERAL RESERVATION as set forth in instrument from E. G. Prud'homme, et ux, to Eck G. Prud'homme, et al, dated May 22, 1971, recorded in Vol. 166, Page 239, Deed Records, San Augustine County, Texas, reserving one-half (1/2) of the minerals and/or royalty interest, the royalties, bonuses and rentals in connection therewith.

    Grantor, for the consideration and subject to the reservations from and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee, the property, together with all and singular the rights and appurtenances thereto in any wise belonging, to have and hold it to Grantee, Grantee's heirs, executors, administrators, successors, or assigns forever. Grantor binds Grantor and Grantor's heirs, executors, administrators, and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors, and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof, except as to the reservations from and exceptions to conveyance and warranty.

    When the context requires, singular nouns and pronouns include the plural.

HAL JOSEPH BREEN, Individually and as Trustee of the Breen Family Trust and Personal Representative under the Last Will of Eleanor P. Breen

## ACKNOWLEDGMENT

STATE OF ARIZONA     §
                      §
COUNTY OF MARICOPA     §

    This instrument was acknowledged before me on the 9 day of October, 2001, by HAL JOSEPH BREEN, Individually and as Trustee of the Breen Family Trust and Personal Representative under the Last Will of Eleanor P. Breen, and in the capacity therein stated.

OFFICIAL SEAL
GUY CILLESSEN
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires Feb. 26, 2005

NOTARY PUBLIC IN AND FOR THE STATE OF ARIZONA

Guy Cillessen
Notary's Printed Name

My Commission Expires: FEB 26, 2005

**AFTER RECORDING RETURN TO:** Griffin Law Offices, 131 Tenaha Street, Center, Texas 75935.

**PREPARED IN THE LAW OFFICE OF:** John D. Griffin.

CERTIFIED COPY
Page 3 of 3 pages

Margo Noble, County Clerk
San Augustine, County, Texas
By: _____ , Deputy

-3-

THE STATE OF TEXAS
COUNTY OF SAN AUGUSTINE COUNTY
I, Margo Noble, County Clerk of San Augustine County, Texas do hereby certify that the foregoing is a true and correct copy of the instruments as the same appears of record in my office in Vol. 24 , Page 25-27 , in the records of San Augustin County, Texas.
Witness by Official hand and seal of office this 26 day of August , 2013 .

MARGO NOBLE, COUNTY CLERK
SAN AUGUSTINE COUNTY
By: _____ , Deputy